By the Court.—Sedgwick, Ch. J.
The complaint was dismissed; and, as to that, the question now is whether there was sufficient proof to take the case to the jury upon issues presented by the pleadings.
The defendants had advanced, for the owners of a bark, certain moneys disbursed upon the bark, had procured a charter of the bark and were entitled to commissions for attending to the business. They took a policy of marine insurance upon the bark with the plaintiff in the sum of $1,500, payable to “ Parsons & Loud on account of whom it may concern.” The bark made a total loss. The defendants applied for payment of the policy. The plaintiff refused to pay unless the defendants would make certain instruments. The defendants made these instruments, and thereupon the plaintiff paid the amount named in the policy, save a few dollars.
One instrument was an indorsement upon the back *426 of the master’s draft for disbursements, drawn upon the defendants and held by them in the sum of $1,125. The indorsement was, “In consideration of amount insured as advances on this vessel being paid, all claim on account of this draft is assigned to Phenix Ins. Co.”
The other instrument was “ For and in consideration of the sum of $1,500, the receipt whereof is hereby acknowledged, we hereby assign and transfer to the Phenix Insurance Company, etc., fifteen hundred dollars (amount insured by us in said Phenix Insurance Company, March 31, 1884, as advances) of our claim of $1,570.47, which we have against bark ‘ Elliott Ritchie ’ and owners for advances, commissions, etc., for her late voyage, etc., on which voyage she became a total wreck.”
I see no reason to doubt that from these assignments there arose an implied warranty that the claims described were existing, valid claims, to which the defendants had a title, which they might transfer, and that, at least, they had never been satisfied ór discharged by the act of the defendants. Ledwich v. McKim, 53 N. Y. 307 ; Ross v. Terry, 63 N. Y. 613.
The next question is whether there were facts upon which the jury might have found that there had been a breach of this warranty—that is, were the claims assigned valid, existing claims, which had not been satisfied or discharged.
At the time the policy was underwritten, that is on March 31, if the defendants insured for themselves and not for the benefit of the owners, or, in other words, had not agreed with the owners that payment upon the policy should discharge to the extent of the payment of the claim which the defendants had against the owners for the advances, then upon payment there would have been a claim to which the plaintiffs would have been subrogated.
The learned counsel for the respondent insists that *427 at the time of the taking out of the policy they insured themselves only, and that there remained unimpaired their claim against the owners without an agreement that it should be discharged by payment to the defendants. I will assume that this is correct, at least, so far as the matter is to be determined by the facts that existed on March 31st, although the defendants charged the owners with the amount of the premium as paid on March 31st.
Afterwards, on April 1st, the owners wrote to the defendants, among 6ther things : “ Therefore, please get the advances insured, if you have not already done so, so that in case of loss you will not call on the owners for advances.” On April 2d the defendants answered : “We have covered the amount only to Buenos Ayres, presuming that the amount due would be remitted from there.”
I am of opinion that, from this time, at least, the defendants held the policy for the benefit of the owners, in the sense that payment upon it would extinguish the claim against them to the extent of the payment.
The letters amounted to a declaration of trust, or to an agreement, that the defendants would hold for the owners, the defendants being estopped from asserting want of consideration, the owners being induced by the answer of April 2d to forego obtaining insurance for themselves. And they contained evidence as to the nature of defendants’ acts in the taking out of the policy on March 31st.
Although in such a case there may be a right of subrogation, the ' insurer takes only the rights of the insured, as they are, upon payment of the policy. The insurer will have no substantive original claim in its own right against the third person. It is an equitable assignee. The third person, under circumstances like the present, may deal with the insured so as to extinguish the obligation between them, rightfully, as respects the insurer. The insurer must ascertain for himself what are the relations between the insured and the third *428 person. The insured is not bound to inform the insurer on this subject. Kernochan v. The N. Y. Bowery Fire Ins. Co., 17 N. Y. 428. It would seem that the cited case is not an appeal from the case in 5 Duer 1. It is an appeal from a judgment in the case, after a new trial, as granted according to 5 Dmr 1.
The testimony disclosed that upon the payment of the $1,500 to the defendants, they consummated the arrangement, evidenced by the letters of April 1st and April 2d, and credited the owners with the amount upon the claim for advances, commissions, etc.
It therefore appeared on the trial that' there was a breach of the implied warranty, because the transaction based upon the previous agreement discharged and extinguished the claims that the assignments purported to transfer.
It is here argued by the learned counsel for the respondents that there was no consideration for the assignment or for the implied warranty, inasmuch as the $1,500 .paid to the defendants was already due to them by the plaintiff under the policy. Several considerations are revelant to this position. I advert to one of them. The policy was an open policy, loss payable to u Parsons & Loud on account of whom it may concern.” The entry in the book accompanying the policy was, with other matters “ (Description of goods-; seller of bills). Advances, $1,500; . rate of premium, 2^ per cent.”
The insurable interest which wrould sustain the policy, and the right of action upon it, in behalf of the defendants, would be the right to a lien upon the vessel and the indebtedness of the owners to them for the advances.
The policy contained the following provision: “ In case of a.ny agreement or act, past or future, by the insured, whereby any right of recovery of the insured against any persons or corporation is released or lost, w'hich wrould on acceptance of abandonment or payment of loss by this company belong to this company, but for' *429 such agreement or act.....the company shall not be bound to pay any loss.”
In this case the letters of April 1st and April 2d, the policy being made March 31st, disclosed a future act of the insured by which the right- of the insurer to resort to the owners or the vessel or its proceeds through the claim for advances of the insured was lost. The operation of the arrangement was to provide for an ex-tinguishment of the claim to which the insurer would otherwise have been subrogated. For this reason the $1,500 paid was a consideration for the assignment, as there was no liability of the insurer upon the policy. Platt v. The R. Y. R. & C. R. Co., 108 N. Y. 358, and the cases there cited.
In this case the legal extinguishment of the claim of the insured against the owners occurred after the payment of the $1,500 as a consideration for the assignment, and so it may be argued the claims were in existence and were valid at the time of the assignment, and there was no breach of the implied warranty. This is not correct, for by the arrangement between the defendants and the owners the payment would extinguish the claim, and that payment was made before the execution of the assignment.
It .may be asked, How can the plaintiff take the position that the $1,500 payment was not upon the policy, when it takes advantage of an arrangement by which payment upon the policy was to be the thing which would extinguish the claim ? The answer to this is, that the testimony does not show an absolute payment of the loss under the obligations of the policy, but a payment conditional upon the execution of the assignment in its promissory as well as executed aspects, which include the obligation upon the implied warranty. There would be absolute payment subject to the defendants’ fulfilment of that warranty. And, on the other hand, the insurer could not interfere with the legal rights of the other parties to extinguish the claim, under the agreement be *430 tween them, by their applying to the claim the $1,500, treating it between themselves as a payment of the loss.
I am of opinion, that, rejecting a good many allegations of the complaint as surplusage, there were left sufficient to support a cause of action of the kind that has been described in this opinion. The learned judge referred to it in supposing that the defendants did not covenant that their claim was valid.
The complaint did not proceed upon a fraudulent representation or concealment by the defendants as the gravamen of the action.
Up to this point it has not been necessary to say more than that the testimony was sufficient to take the case to the jury. The plaintiff’s exception to the dismissal of the complaint was, therefore, valid at the time. After the dismissal the plaintiff moved the court to direct a verdict for the plaintiff, but took no exception to the denial of the motion. There can, therefore, be no review of the denial. This does not impair the plaintiff’s right to a review of its previous exception, as I think, even if the case were such that on the motion to dismiss the complaint, it appeared that the motion should have been denied, for the reason that, on the undisputed facts, there should have been a verdict for the plaintiff. In my opinion, it did so appear.
The judgment should be reversed and a new trial had, with costs to abide the event.
Ingraham, J., concurred.