## McLAUGHLIN *v.* GREAT WESTERN INS. CO.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. REAL PARTY IN INTEREST—ACTION ON MARINE POLICY—UNDISCLOSED OWNER.
    Under Code Civil Proc. § 449, requiring every action to be brought in the name of the real party in interest, a part owner of a vessel may bring an action in his own name on a policy of marine insurance which runs "on account of whom it may concern," and which was in fact procured by his agent, to whom the loss is made payable, even though the policy does not disclose such part owner's interest therein.

2. RES JUDICATA—QUESTIONS NOT LITIGATED.
    A judgment in an action on a marine policy covering the owner's loss of freight is conclusive, in a subsequent action between the same parties on a policy covering the loss of the vessel, as to every defense open and available to the insurer in the first action, whether actually litigated or not.

Appeal from trial term.

Action by Daniel J. McLaughlin against the Great Western Insurance Company on a policy of marine insurance on a vessel of which plaintiff was part owner. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

The vessel was owned in unequal shares by Nabus L. Palmer, Charles A. Palmer, and Daniel J. McLaughlin, the present plaintiff. It was totally lost on a voyage covered by the policy. The three part owners brought an action in the superior court on a freight policy against the present defendant, in which they recovered judgment, which was affirmed on appeal. McLaughlin then instituted the present action to recover for the loss of his share in the vessel.

Argued before PRYOR and BISCHOFF, JJ.

*Treadwell Cleveland,* for appellant. *Wm. W. Goodrich,* for respondent.

PRYOR, J.   Of the many grounds of defense taken at the trial, appellant now relies and insists upon four only, namely:   That plaintiff had no insurable interest in the vessel; that he was not a party to the policy in such sense as to be competent to maintain an action on it; that the trial judge erred in holding the judgment of the superior court to be *res adjudicata* upon the issues covered by it and here in litigation; that he committed error in his rulings upon evidence.

1. That the plaintiff was owner of 13-64 shares of the vessel was established by evidence so clear and conclusive that the learned trial judge rightly assumed it as an incontrovertible fact in the case.

2. The policy runs:  "P. I. Nevius & Son, on account of whom it may concern.   In case of loss to be paid to C. A. Palmer."   The evidence is ample to authorize the inference that the insurance was of plaintiff's interest, and that the loss was payable to Palmer for and on behalf of plaintiff.   Counsel for appellant is mistaken in the assumption that the learned trial judge ruled the point as matter of law; for, in express terms, he said to the jury:  "The question is for you whether in the issuing of the policy the insurance was taken on account of this plaintiff, as the person concerned in it, and whether it was taken out for him to insure his interest, or whether the condition that it was payable to Palmer did not indicate that it was Palmer's interest that was insured."   In accordance with the clear weight of evidence, the jury found that the insurance was of plaintiff's interest, and for his benefit; and, this being so, plaintiff is perfectly competent to maintain the action.   At common law an undisclosed principal might assert and enforce his interest in a simple contract made in the name of another, but for his benefit; and in this state, by express provision of statute, (Code Civil Proc. § 449,) "every action must be prosecuted in the name of the real party in interest," except that it is allowable, but not imperative, for a trustee to bring the suit.   Nothing in the law of marine insurance takes the case at bar out of the operation of the rule. *Finney* v. *Insurance Co.*, 8 Metc. (Mass.) 350; *Insurance Co.* v. *Catlett*, 4 Wend. 75.   Appellant confidently cites *Cone* v. *Insurance Co.*, 3 Thomp. & C. 33, 60 N. Y. 619, as enunciating a contrary doctrine; but there the policy was not expressed to be on account of whom it might concern, and the loss was payable to Cone "as his interest may appear;" and so the case is plainly distinguishable from the present.

3. As to the defense of *res judicata*, we do not perceive how the fact that in the superior court the insurance was of the freight, and here is of the vessel, is operative to avoid the estoppel of the former judgment.   In conformity with the settled law of this state, we hold that judgment to be *res judicata* not only of all issues that were actually litigated, but of every question that might have been litigated under the pleadings.   Hence every defense open and available to appellant in the previous action is concluded against him in the present action.   In his argument, counsel for appellant implies that, conceding the estoppel of the former judgment, he was not precluded in this action from maintaining the following defenses:   That the vessel was unseaworthy, that the policy was voidable for fraud, and that the loss was not by a peril insured against.   We do not assent to this restricted operation of the estoppel of the prior judgment; but be it so, and still the evidence is ample to support the verdict upon every issue.

4. The only plausible exception to evidence is to the admission of statements not made in the presence of defendant's representative; but those statements were of the *res gestæ*, as coincident with the fact of the insurance and the issuance of the policy, and identifying the interest and the party insured.   The record discloses no error, and the judgment and order are affirmed, with costs.

BISCHOFF, J., concurs.