·JAMES S. SULLIVAN and Others, Respondents, v. THE SPRING GAR-
DEN INSURANCE COMPANY, Appellant.

*Fire insurance — a policy insuring the owner and also contractors "as interest may
appear" — complaint by the contractors which sets forth an insurable interest —
the policy creates separate contracts — setting forth the policy in the complaint —
consideration for the policy — the printed clauses governed by the written ones.*

A complaint which alleges the issuing of a policy of fire insurance, whereby the
"defendant insured one Thomas Behan as owner and Sullivan Brothers, the
plaintiffs herein, as contractors, as interest may appear," against loss by fire,
and that, at the time of issuing said policy, and from that time until the loss
therein referred to, the plaintiffs had an interest in the said property insured as
contractors; that the value of the building and the amount of the plaintiffs'·
insurable interest therein at the time of the loss was ·greater than the loss
claimed; that all of said loss fell upon the plaintiffs, they being obliged to, and
having restored the building to the condition in which it was immediately prior
to said loss without compensation therefor, sufficiently alleges that the plain-
tiffs had an insurable interest in the property insured.

Under such a complaint the plaintiffs may properly offer evidence at the trial
that they were contractors to erect the building; that it was burned; that they
were obliged to and did restore it to its previous condition, and that the loss
fell upon them.

In such an action, the policy being a contract for the payment of money only, a
complaint which sets forth a copy of the policy and contains an allegation of
the amount due, together with other allegations as to extrinsic facts showing
the loss, is sufficient under section 534 of the Code of Civil Procedure.

Where the complaint alleges, and the policy states, that in consideration of the
premium the defendant insured the plaintiffs and the owner· as interest might
appear, there is a sufficient allegation of a consideration moving from the
plaintiffs.

A condition of the policy making it void if the interest of the insured is other
than that of unconditional and sole ownership, or if the building be on ground
not owned by the insured in fee simple, is controlled by the written portion of
the policy, which shows that it was issued to the plaintiffs as contractors for
the erection of the building insured, on property owned by the other party
insured by the policy.

In an action by the contractors to recover upon the policy, an objection that the
owner is not made a party is untenable, as the policy insures two parties "as
interest may appear," thus creating several contracts, one with each of the
insured, upon which each may sue without joining the other. This is especially
the fact where the complaint alleges that the owner "makes no claim against
the defendant."

APPEAL by the defendant, The Spring Garden Insurance Com-
pany, from a final judgment of the Supreme Court in favor of the

plaintiffs, entered in the office of the clerk of the county of Richmond on the 16th day of May, 1898, with notice of an intention to bring up for review upon such appeal an interlocutory judgment in favor of the plaintiffs, entered in said clerk's office on the 16th day of April, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term overruling the defendant's demurrer to the plaintiff's complaint, and also an order made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 12th day of April, 1898, overruling such demurrer and directing the entry of said interlocutory judgment.

The action was brought to recover upon a policy of insurance by which the defendant insured " Thomas W. Behan as owner, and Sullivan Brothers as contractors, as interest may appear," against loss or damage by fire for the term of one year.

*Walter Large,* for the appellant.

*William M. Mullen,* for the respondents.

GOODRICH, P. J.:

The demurrer is based on the grounds : *First,* that the complaint does not state facts sufficient to constitute a cause of action ; and, *second,* that there is a defect of parties plaintiff or defendant, in that Thomas Behan was not made a party. The specific ground of the defendant's demurrer, under the 1st clause of the demurrer, is that the complaint did not allege that the plaintiffs had an *insurable* interest in the premises, or that there was any consideration for the contract, and that the complaint shows a breach of the conditions precedent, without alleging a waiver or excuse for the breach ; and under the 2d clause of the demurrer, that Behan should have been made a party because he appears to have an interest in the policy.

The complaint alleges the making and delivery by the defendant, on August 11, 1897, of a policy of fire insurance for one year, whereby the " defendant insured one Thomas Behan as owner, and Sullivan Brothers, the plaintiffs herein, as contractors, as interest may appear * * * against all direct loss or damage by fire or

lightning * * * on the frame building and additions then in the course of erection. * * * Builders' risk granted to complete above-described building. It being agreed that the policy covers lumber and material used for above-described building contained therein, and on the premises adjacent thereto;" that on August 16, 1897, the building was struck by lightning, whereby the property insured was damaged and destroyed to the amount of $1,552.08, and that, at the time of issuing said policy, and from thence until the loss herein referred to, the plaintiffs had an interest in the said property insured as contractors; that the value of the building and the amount of the plaintiffs' insurable interest therein at the time of the loss was greater than the loss claimed therein; that all of said loss fell upon the plaintiffs, they being obliged to and having restored the building to the condition in which it was immediately prior to said loss, without compensation therefor, and that the owner of said building makes no claim against the defendant.

The complaint further alleges the delivery of proofs of loss and a compliance with all the terms and conditions of the policy.

The policy, by consent of the parties, is printed in the record, and is to be considered a part of the complaint.

The first objection of the defendant is that the complaint does not allege an insurable interest. We hold otherwise. The policy speaks of the plaintiffs' interest as that of a contractor on building in the course of erection, with a builder's risk clause. The complaint alleges that the plaintiffs had an interest as contractors in the building; that the amount of the plaintiffs' insurable interest and the damage to the building was greater than the sum for which judgment was demanded, and that the plaintiffs were obliged to and had restored the damaged building.

It seems to be conceded by the appellant's counsel that if the word "insurable" had been inserted before the word "interest" the allegation would be sufficient. The case of *Ruse* v. *The Mutual Benefit Life Ins. Co.* (23 N. Y. 516), which he cites, was an action on a life insurance policy, where it is elementary that an insurable interest must be alleged and proved. On the other hand, in *Fowler* v. *The New York Indemnity Insurance Co.* (26 N. Y. 422), also cited by the appellant's counsel, a demurrer to a complaint was sustained on the ground that "the radical defect in the complaint is

that it contains no averment of interest, either in the plaintiff or in his assignor, in the subject-matter of the insurance."

The only case which I can find which gives color to the appellant's contention is *Freeman* v. *The Fulton Fire Ins. Co.* (38 Barb. 247), where the court said (p. 259) that "under the statute of betting and gaming * * * a policy of fire insurance is void, unless the party insured has at the time an insurable interest in the property insured. It follows that a complaint in an action on the policy must contain an averment of such an interest, in order to state a cause of action." But the plaintiff in that action was not named in the policy, and it was necessary to connect him with it by alleging an insurable interest. It may be observed, also, that the opinion lays no stress upon the use of the word "insurable." In another part it refers simply to the necessity of an allegation of interest in the property, and does not use the word "insurable."

In *Frink* v. *The Hampden Ins. Co.* (1 Abb. Pr. [N. S.] 343), Miller, J., in stating what the *Freeman* case had decided, says that the complaint must allege an interest in the thing insured, and leaves out the word "insurable."

But we think the allegations of the complaint are sufficient to show, not only an interest, but an insurable interest, and that under them the plaintiffs can offer evidence at the trial that they were contractors to erect the building; that it was burned; that they were obliged to, and did, restore it to its previous condition, and that the loss fell upon them. This constitutes insurable interest. It may be that the complaint might have been the subject of a motion to make more definite and certain, but that does not affect the sufficiency of the complaint as it stands. The complaint also seems to be in accord with section 534 of the Code of Civil Procedure, as, under the agreement of the parties, the policy is to be considered a part of the complaint. The policy is a contract for the payment of money only, a copy of it is set out, and the complaint alleges the amount due. This, with other allegations as to extrinsic facts showing the loss, constitutes a proper setting out of a cause of action under that section.

The next objection is that the complaint does not allege any consideration for the contract proceeding from the plaintiffs. We think otherwise. The complaint alleges, and the policy states, that, in

consideration of the premium, the defendant insured the plaintiffs and Behan, as interest might appear. This is a sufficient allegation of consideration.

The objection that the complaint shows a breach of the conditions precedent is based upon a printed clause which makes the policy void if the interest of the insured is other than that of unconditional and sole ownership, or if the building be on ground not owned by the insured in fee simple. On elementary rules this condition must be controlled by the written portion of the policy, which shows its issue to the plaintiffs as contractors for the erection of a building on the property owned by Behan.

Section 533 of the Code of Civil Procedure provides that, in pleading a condition precedent, it shall not be necessary to state the facts constituting performance, but the party may state, generally, a performance ; and if the allegation is controverted he must, on the trial, establish performance. The allegations of the complaint in this respect are in strict compliance with this section of the Code, and it remains for the defendant to controvert them if it desires to raise an issue thereon.

The final objection is that Behan should have been made a party. The policy insures two parties, " as interest may appear." This creates in fact several contracts, one with each insured, upon which either may sue without joining the other. Some of the cases cited by the appellant's counsel are those where the plaintiff was not named in the policy. None of them relate to a contract like the present one.

In addition to this, there is an issuable allegation that Behan " makes no claim against the defendant." It may be that the use of the word " makes " is not so accurate as would have been that of some other word, but it is sufficient. If this is an untrue allegation, and the defendant ought to know whether any such claim has been made upon it, the law affords the remedy of interpleader.

We think none of the objections to the complaint are ground of demurrer, and that the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.