(72 App. Div. 276.)

### BESANT v. GLENS FALLS INS. CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. INSURANCE—ACTION ON POLICY—PARTIES.

Where a policy insured J. and M., "as interest may appear," against loss by fire to an amount not exceeding $2,000, a complaint by J. alone, merely alleging that he is the owner by contract of purchase of the insured premises, and not negativing M.'s interest in them or in the policy, was demurrable for want of parties plaintiff.

2. SAME—PLEADING—DEMURRER.

Objection was properly made by demurrer.

Appeal from special term.

Action by Joseph B. Besant against the Glens Falls Insurance Company. From an interlocutory decree overruling a demurrer to the complaint, defendant appeals. Reversed.

The single ground of demurrer is a defect of parties plaintiff. The action is upon a fire insurance policy. The policy is attached to the complaint, and made a part thereof. The policy of insurance reads: "The Glens Falls In-

surance Company, Glens Falls, New York, in consideration of the stipulations herein named, and of twenty dollars premium, does insure Dr. J. B. Besant and Harriett M. N. Gillespie, as interest may appear, for the term of three years, * * * against all direct loss or damage by fire * * * to an amount not exceeding two thousand dollars to the following described property." The plaintiff brings this action for the $2,000. He alleges nothing as to the interest of his co-insured, Harriet M. N. Gillespie; does not claim to be the owner of such interest, or that it has been in any way extinguished; and alleges, as to his own interest in the property insured, "that at all the times hereinafter mentioned plaintiff was, and now is, the owner, by contract of purchase," of the insured premises. The demurrer is based upon the ground that the complaint upon its face shows that Harriet M. N. Gillespie is a necessary party plaintiff.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Cardoza & Nathan, for appellant.
William R. Adams, for respondent.

KELLOGG, J. The contract of insurance was made between the Glens Falls Insurance Company of the one part and Joseph B. Besant and Harriet M. N. Gillespie of the other. It must be presumed that the premium was paid by them jointly. The promise is to pay the sum of $2,000 to them, "as interest may appear,"—meaning the interest of each in the property insured. It is plain that when the policy was issued, by declaration of all the parties, both Joseph B. Besant and Harriet M. N. Gillespie had each an insurable interest in the property. It seems also to have been contemplated by all the parties that when payment of the $2,000 should be made both Joseph B. Besant and Harriet M. N. Gillespie should be heard as to what was the interest or proportionate interest of each. It seems also to have been contemplated that the whole of the $2,000 should not be paid to either without the knowledge of the other. There is nothing in the complaint which negatives Harriet M. N. Gillespie's right to some interest in the $2,000, nothing whatever showing a change in the interest of either since the policy was issued, and the policy itself declares that both have an interest in the sum to be paid in case of loss by fire. The insurance company has no right to determine what sum shall be paid to each, and, if it pays the whole sum to either, it must do so at its peril. Admitting all the facts alleged in the complaint to be true, it still does not appear that Harriet M. N. Gillespie has no interest in the loss, or in the sum promised to cover the loss. The allegation that plaintiff, at the time of the issuance of the policy, was, and ever since has been, the "owner by contract of purchase," is not a declaration that Harriet M. N. Gillespie had no insurable interest, nor is it, by the most liberal construction, a declaration that she has no interest in the $2,000 promised to be paid. She may be mortgagee or may be the owner of the legal title; she may be the vendor in that contract of purchase. The complaint is wholly silent as to what was or what is her interest, or what has become of her interest. This all appears upon the face of the complaint. It is apparent that Harriet M. N. Gillespie is a necessary party plaintiff, to determine what sum, if any sum, the plaintiff is entitled to. The promise runs to both, and in an

action at law both must join to have a standing in court upon the promise. Demurrer is in such case the proper practice, unless defendant chooses to waive the defense.

The interlocutory judgment is reversed with costs, and the demurrer is sustained, with costs, with usual leave to amend the complaint on payment of costs. All concur.

---

(72 App. Div. 286.)

In re ARMSTRONG.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. ADMINISTRATOR—ACCOUNTING—COMPULSORY PROCEEDINGS—DEATH OF ADMINISTRATOR—ABATEMENT—REVIVAL—VOID DECREE.

A decree of the surrogate abating the proceedings for a compulsory accounting by an administrator, and directing that the petitioners therein pay certain fees, entered, on his own motion, on the ground of the death of the administrator pending the decision, but without notice to the parties interested, and without any proof whatever, is void; Code Civ. Proc. § 2606, providing that, where an administrator dies, the surrogate's court has jurisdiction, on the petition of a person interested in the estate, to compel the administrator of the deceased administrator to account, recognizing the right to revive the proceedings and continue them to a final determination.

2. SAME—RIGHTS OF AFFECTED PERSONS—MOTION TO VACATE.

A party affected by a void decree entered by the surrogate cannot appeal therefrom, but may make a motion to vacate it, even though it may also always be attacked collaterally.

3. SAME—CONSTRUCTION OF STATUTE.

Code Civ. Proc. § 2481, subd. 6, providing that a surrogate has power to vacate, modify, or to enter as of a former time, a decree of his court, or to grant a new trial for fraud, etc.,—such power to be exercised only in a like case and in the same manner as that of a court of record of general jurisdiction,—cannot be construed to deprive the surrogate of the power to vacate, on motion, a void decree.

Appeal from surrogate's court, Washington county.