## KENT v. ÆTNA INS. CO.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. PLEADING—DEMURRER—DEFECT OF PARTIES—DEFECT PRESENTED.
　　Under Code Civ. Proc. § 488, subd. 6, and sections 498, 499, providing that a defect of parties defendant may be raised by answer when it does not appear on the face of the complaint, and by demurrer when it does, and is waived as to defendant if not so raised, a demurrer for defect of parties plaintiff does not present the question as to whether the party not joined should have been made a defendant or be brought in before trial.

2. INSURANCE—POLICIES—NATURE OF LIABILITY—SEVERAL LIABILITY.
　　An insurance policy, indemnifying the mortgagor and mortgagee, "as interest may appear," against loss or damage by fire, creates a several liability to the parties according to their respective interests.

3. SAME—INSURABLE INTEREST—MORTGAGEE—RECOVERY—OTHER SECURITIES.
　　A mortgagee has an insurable interest in property to the extent of his debt, and may recover the insurance on property covered by his mortgage, regardless of any other security that he may hold.

4. SAME—ACTIONS ON POLICY—PARTIES PLAINTIFF—MORTGAGOR AND MORTGAGEE.
　　The mere fact that a mortgage does not cover all the property insured does not require the mortgagee, when suing on a policy severally insuring the parties against loss to the property covered by the mortgage, to join the mortgagor as plaintiff.

5. SAME—CONFLICTING INTERESTS—DETERMINATION—JOINDER AS DEFENDANT.
　　Conflicting interests between the mortgagor and mortgagee in a policy severally insuring the parties' interests in the mortgaged property should be determined by one party suing on the policy in his individual right and making the other a defendant.

Appeal from Special Term, New York County.

Action by Robert D. Kent against the Ætna Insurance Company. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Sidney Ossoski, for appellant.
Ernest A. Cardozo, for respondent.

LAUGHLIN, J. This is an action on an insurance policy to recover for a fire loss. The complaint alleges that on the 30th day of June, 1902, on the application of the plaintiff, the defendant issued a policy of insurance "to indemnify Perfecta Packing Case Company and plaintiff, 'as interest may appear,' against loss or damage by fire to an amount not exceeding in the aggregate the sum of $2,000" on trade fixtures, machinery, and appliances; that five days prior thereto the Perfecta Packing Case Company, then being the owner of the property, executed a chattel mortgage "upon a part" thereof to the plaintiff to secure a loan of $2,000; that on the 25th day of August, thereafter, the property was wholly destroyed by fire; that the value of the property was $2,801.19; that the plaintiff duly furnished proof of loss, and of his interest, and has demanded payment of the sum of $2,000—and judgment is demanded for the sum of $2,000, together with interest and costs.

82 N.Y.S.—52

The sole ground of the demurrer is that it appears upon the face of the complaint that there is a defect of parties plaintiff, in that the Perfecta Packing Case Company, one of the assured named in the policy described in the complaint, and to whom, jointly with the plaintiff, the amount of the alleged loss, if any, is payable, is not made a party to this action.

The only question presented by the appeal is whether the Perfecta Packing Case Company should have been joined as a party plaintiff. It may be, and doubtless is, a necessary party to the action; for the plaintiff does not allege that his mortgage covers all of the proper, insured. The demurrer before us, however, does not present the question as to whether the Perfecta Packing Case Company should have been joined as a defendant, or should be brought in before the trial. A defect of parties defendant may be raised by answer when it does not appear on the face of the complaint, and by demurrer when it does, and, so far as the defendant is concerned, is waived when not thus raised. Code Civ. Proc. § 488, subd. 6; Id. §§ 498, 499. Notwithstanding that the failure to take the objection by answer or demurrer is declared by the Code to be a waiver thereof, the Court of Appeals has recently decided that the defendant may, without interposing the objection by answer or demurrer, raise the question on the trial, and that it will then become the duty of the court to require the plaintiff to bring in a party defendant apparently having an interest in the subject-matter of the action adverse to that of the plaintiff. Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281. Under this ruling it is quite likely that the case cannot be tried without the presence of the Perfecta Packing Case Company, even though the defendant makes no motion for an interpleader, and does not raise the objection, either by demurrer or answer; but that is not the question with which we are at present concerned.

The insurance company contends that these parties were insured jointly and that its liability to them is joint, and not several. In other words, they claim that the construction of the policy is the same as if the plaintiff and the Perfecta Packing Case Company had been named as the insured, and the clause "as their interest may appear" had been omitted. We fail to see how the words last quoted are to be given any force and effect, unless they be construed as creating a several liability. According to the allegations of the complaint the insurance company received a premium for $2,000 insurance, and it contracted to pay $2,000 for a total loss. It is unreasonable to suppose that after examining the property, as it presumably did, and accepting the premium, the insurance company intended by this clause to require the insured to prove ownership. It dealt with them upon the assumption that between them they held the complete title, but not jointly, and it contracted to pay them according to their respective interests, which, of course, they were required to show. This appears to us to be the reasonable construction of the policy, and the one supported by well-considered precedents. Sullivan v. Spring Garden Ins. Co., 34 App. Div. 128, 54 N. Y. Supp. 629; Hathaway v. Insurance Co., 134 N. Y. 409, 32 N. E. 40, 17 L. R. A. 514; Walsh v. Ins. Co., 32 N. Y. 439; Cone v. Insurance Co., 60 N. Y. 619;

Rogers v. Traders' Ins. Co., 6 Paige, 583; Dakin v. Insurance Co., 77 N. Y. 600; McManus v. Assurance Co., 22 Misc. Rep. 269, 48 N. Y. Supp. 820, affirmed 43 App. Div. 550, 48 N. Y. Supp. 820, 60 N. Y. Supp. 1143; Ennis v. Insurance Co., 3 Bosw. 516; Jefferson Ins. Co. v. Cotheal, 7 Wend. 82, 22 Am. Dec. 567; Pacific Ins. Co. v. Catlett, 4 Wend. 76; Burrows v. Turner, 24 Wend. 276, 35 Am. Dec. 622; Baltis v. Dobin, 67 Barb. 507; Hughes v. Insurance Co., 44 How. Prac. 351; Frink v. Insurance Co., 45 Barb. 384; Roussel v. Ins. Co., 41 N. Y. Super. Ct. 279; McLaughlin v. Ins. Co. (Com. Pl.) 20 N. Y. Supp. 536. See, also, Grosvenor v. Ins. Co., 17 N. Y. 391; 2 May on Insurance (4th Ed.) § 447B; Ostrander on Insurance, p. 335.

The mortgagee had an insurable interest to the extent of his debt, and he may recover the insurance on the property covered by his mortgage, regardless of any other security he may hold. Kernochan v. Insurance Co., 5 Duer, 1, affirmed 17 N. Y. 428; May on Insurance (4th Ed.) §§ 80, 116; Arnold on Marine Ins. (7th Ed.) § 298; Richards on Ins. p. 39. See, also, Hall v. Sampson, 35 N. Y. 274, 91 Am. Dec. 56; Blake v. Corbett, 120 N. Y. 327, 24 N. E. 477.

The respondent relies on Besant v. Glens Falls Ins. Co., 72 App. Div. 276, 76 N. Y. Supp. 35. That case does sustain the respondent's contention, and is not distinguishable from the case at bar; but the earlier case of Sullivan v. Spring Garden Ins. Co., supra, is not considered in the opinion, nor are the other cases which we have cited as holding that the liability is several. In these circumstances we do not feel obliged to follow the Besant Case, the doctrine of which neither accords with prior precedents in this state nor with our own views. If at the time the insurance was taken out the plaintiff was the mortgagee of all the property insured, and so continued until the fire, we see no reason why, under a policy such as this, he could not maintain an action against the insurance company, and, upon proof of the facts, recover the entire insurance. Likewise, if the mortgage debt had been fully paid, so that the mortgagee's interest ceased and determined, we see no reason why the owner could not recover the insurance. In neither of these cases would it seem to be necessary that the party who has no interest should be joined as a plaintiff.

The mere fact that the mortgage does not cover all the property insured is not, we think, sufficient to require that the Perfecta Packing Case Company be joined as a plaintiff. The plaintiff seeks to recover on account of his individual right and interest. If there be any controversy between him and the Perfecta Packing Case Company concerning this insurance, that is a good reason for requiring that the Perfecta Packing Case Company be made a party defendant or brought in. The rights of the insured, as between themselves, could not be determined, if they are to be joined as plaintiffs. Here their interests are in fact several, and were so contemplated by the policy issued. If there be any conflict of interest that should be determined, it can only be determined by one suing in his individual right and making the other party a defendant.

It follows, therefore, that the interlocutory judgment should be re-

versed, with costs, and the demurrer overruled, with costs, but with leave to the respondent to withdraw demurrer, and answer, upon payment of the costs of the appeal and of the demurrer.   All concur.