| Nicol Biello | No. 82401. Also cases |
| vs. | Nos. 82402, 82403, |
| Royal Insurance | 82404, 82405. |
| Co., Lt'd, of | 82406, 82407, |
| Liverpool, England | 82408. |

June 5, 1931.

BAKER, J. These eight cases are before the Court on the plaintiff's demurrers to the defendant's pleas in abatement and to certain special pleas in each case. The record in the respective cases shows that they arise out of the destruction by fire of certain trucks insured with the defendant company. The special pleas relate to the first count of each respective declaration.

The basis of the pleas in abatement is that the insurance policies in question by their terms insure the Colonial Finance Corporation and/or the plain- tiff, as their interests might appear, and that, therefore, the cause of action, if any, is joint and that the plaintiffs are not entitled to sue without joining the Colonial Finance Corporation as a party.

It seems clearly settled by the authorities that where such a cause of action is joint both parties should be brought in when suit is brought. The language commonly employed is that the company insures A and B as their interests might appear. This is held to be a joint insuring and all the parties should be before the Court in order that their respective rights might be determined.

*Bowers Co.* vs. *London Assurance Corp.* 90 Pa. Super. Ct. 121;

*Kent* vs. *Aetna Insurance Co.*, 82 N. Y. Supp. 817;

*Proctor* vs. *Insurance Co.*, 124 N. C. 265.

The defendant argues that this is the situation in the case at bar. The plaintiffs, however, refer to the use of the phrase "and/or" in the policies in question as making a distinction and as causing the insurance herein to be not only joint but joint and several. No case has been called to the Court's attention in which language similar to the above has been considered. A discussion by way of dicta as to the meaning of "and/or" occurs in the case of *State* vs. *Dudley*, 159 La. at page 877.

The plaintiffs contend that by reason of the language in the policies in question they are entitled to maintain the actions without joining the Colonial Finance Corporation. In answer to the defendant's argument, they urge that the former would be entitled by appropriate proceedings at any time during the trial, or after, to show exactly the

interests which the plaintiffs might have in the property insured, and that the actual recovery would be limited to this amount only and that the defendant's rights would be protected by the Court.

After careful consideration, the Court is inclined to accept the plaintiffs' claim that the use of the phrase "and/or" in the policies involved herein creates a several as well as a joint insurance. The phrase presumably was inserted in the policies for some purpose and with some meaning. The general rule is that where a question of doubt arises on the construction of such a phrase, it should be construed against the party using it, in this case the defendant, in whose policies its appears. Further, pleas in abatement are to be carefully examined and are not generally favored.

The Court therefore finds that the plaintiffs' demurrers to the defendant's plea in abatement in each case should be sustained.

The next matter for consideration relates to the plaintiffs' demurrers to the defendant's first special pleas, which set out in substance that the plaintiffs represented that the trucks in question were usually kept in a private garage, whereas, in fact, they were left in the open or kept in a public garage in various places.

The plaintiffs' demurrers are on several grounds including one that the said statements regarding the place where the trucks were to be kept were not such representations or warranties the falsity of which would defeat the plaintiffs' actions. The question of law raised by these demurrers has been considered by several text writers and in numerous decisions with the result that there is apparently some conflict among the authorities.

It is sometimes held that such a statement of location is merely incidental and a part of the description of the property, is only intended for identification and does not expressly stipulate that the property shall not be removed. Perhaps the general rule is that a description as to the location of property may be considered as a warranty in praesenti, but, in the absence of an express stipulation in the policy, will not be considered as a promissory warranty that the property will remain in the described location.

Vol. 19 Cyc, page 740;

Couch on Insurance, Vol. 4, page 3333;

Joyce on Insurance, Vol. 4, Sec. 2068;

Cooley on Insurance, Vol. 3, page 2502.

It has been held in this state "that the temporary removal of property, whether occasional or habitual, in pursuance of a use which is a 'certain necessary consequence' arising from the character of the property, without any change in the ordinary place of keeping, will be no defence to an action on the policy."

*Lyons* vs. *Providence-Washington Ins. Co.*, 14 R. I. 110.

In that case the policy covered furniture.

In *Affleck* vs. *Potomac Ins. Co.*, 49 R. I. 112, it was held that an erroneous description of location often will not avoid the policy. It seems clear, however, that this statement refers to a discussion of the case of *De Paola* vs. *Humboldt Ins. Co.*, 38 R. I. 141, where there was a slight error in the street number in describing the location of a stock of goods.

The defendant calls to the Court's attention, in support of its claim that the plea is good, the following cases:

*Sica* vs. *Home Ins. Co. of N. Y.*, 8 N. J. Misc. page 35;

*Phenix Fire Ins. Co.* vs. *Vorhis*, 1 Ohio Circuit Court, 326;

*Lummus* vs. *Firemen's Fund Ins. Co.*, 167 N. Car. 654.

In the first of these cases the representation or warranty was practically

the same as in the case at bar and the Court held that the statement was a warranty and its falsity constituted a defence to the policy. The case would seem to be in point.

The plaintiffs refer the Court to *Liverpool & Globe Ins. Co.* vs. *Georgia Auto & Supply Co.*, 29 Ga. Appeals 334, and *Waters* vs. *Nebraska Mutual Ins. Co.*, 108 Nebraska page 1.

The latter case involved the insurance of certain live stock. The representation or warranty was in a form different from that in the policies in the cases at bar.

The former case insured an automobile dealer under what was termed an open policy. The statement or representation was quite similar to that involved herein and the Court held that it could not be considered as any sort of warranty to limit liability and undoubtedly the case tends to support the plaintiffs' claim herein.

After carefully considering the pleas in question and the authorities submitted, the Court is of the opinion that at the trial the defendant should have the right to show, if it can, whether the removal of the property in question was merely temporary or whether it was a more or less permanent change from the ordinary place of keeping. The Court feels that, while the statements can not be considered as continuing warranties, perhaps they may be termed warranties in praesenti or at least material representations regarding the ordinary location of the insured property. In the judgment of the Court the demurrers to the first special pleas should be overruled.

In certain of the cases herein involved the defendant filed a fourth special plea setting out that the respective plaintiffs refused to answer certain questions at an examination under oath provided for in the policies, and that this refusal constitutes a defence to the actions.

To these fourth special pleas in certain of the cases involved, the plaintiffs have demurred on general grounds and also on the ground that the questions asked were not material and that the failure or refusal to answer the questions does not bar the plaintiffs' right to recover but merely delays the action. There seems no doubt but that the provision in the policies requiring the assured to submit himself to an examination under oath has been recognized and held valid in many cases.

> *Claflin* vs. *Commonwealth Ins. Co.*, 110 U. S. 81;
>
> *Titus* vs. *Glen Falls Ins. Co.*, 81 N. Y. 410.

It is held, however, that the examination must be reasonably conducted and that the assured is not bound to answer immaterial questions, and that the burden is on the insurer to show that the unanswered question was material.

> *Cooley on Insurance*, Vol. 7, p. 5811.

In this connection, however, it seems evident that the failure of the assured to answer questions, if made in good faith, does not bring about a forfeiture of all claims or benefits under the policy but only acts as a suspension until the matter can be determined or until the questions are answered.

> *Porter* vs. *Traders' Ins. Co.* of Chicago, 164 N. Y. 504.

And it would appear that the action is not barred but is only abated and that the proper way to raise such a question is by a plea in abatement and not by a special plea to the merits.

> *Weide* vs. *Germania Ins. Co.*, 1 Dillon p. 441;
>
> *Humphrey* vs. *National Fire Ins. Co.*, (Tex.) 231 S. W. 750;
>
> *George* vs. *The Connecticut Fire Ins. Co.*, (Okla.) 23 A. L. R. p. 80.

For the above reasons, therefore, the plaintiffs' demurrers to the fourth special pleas in certain of the cases are sustained on the last ground urged by the plaintiffs, namely, that the effect of the failure to answer said questions

does not operate as a bar to their right to recover but can only bring about a delay of the action by way of abatement.

The fifth special pleas (the fourth in action No. 82406) set up as a matter of defence the invalidity of certain awards by reason of the failure of the appraisers to consider newly discovered evidence and for adopting an erroneous interpretation of "sound value."

To these pleas the plaintiffs have demurred on the ground that the pleas are an attempt to attack the awards in actions at law, whereas the proper method of so doing is by a bill in equity.

The defendant, on the other hand, urges that these pleas are in the nature of equitable pleas and that it has a right to file them in the form as herein presented.

There is, of course, no question but that under the statutes a defendant in an action at law is specifically given the right to interpose equitable pleas.

General Laws of Rhode Island, 1923, Chap. 333, Sec. 22.

In view of the decisions in this State, however, the Court has serious doubt whether the provisions of said statute cover the situation in the cases at bar. It apparently has been held repeatedly that the proper way to attack the validity of an award of appraisers in an insurance case is by a bill in equity, in aid of an action at law. It is true that most of the cases considered have arisen where the award is attacked by the plaintiff, to bring forth his action at law and his bill in equity, but the Court can not see why the general practice which apparently has been established in this State should not also apply to a defendant who seeks to attack an award. The pleas in question would seem to go further than mere equitable pleas setting up an equitable defence. They are more analogous to a bill in equity or a cross bill because they virtually seek affirmative relief in that in substance they are seeking to set aside the appraisers' award. The question of proper procedure has been before the Court in this State several times.

· Hirsch vs. Home Ins. Co., 38 R. I. 189;

Shepard vs. Springfield F. & M. Ins. Co., 41 R. I. 403, 42 R. I. 174; ,

Early vs. Providence-Washington Ins. Co., 31 R. I. 225;

Campbell vs. Union Mutual Fire Ins. Co., 124 Atl. 469, 125 Atl. 273.

In the case of Early vs. Providence-Washington Ins. Co., supra, which was an action at law under a fire insurance policy and in which the plaintiff sought to attack the award of appraisers, the Court uses the following language:

"The general rule is that this can not be done in an action at law in jurisdictions where the distinction between law and equity is still maintained."

This holding was later approved in the case of Shepard vs. Springfield F. & M. Ins. Co., supra, at pages 411 and 412.

After careful consideration the Court has come to the conclusion that the practice in this State seems to be well settled that an award of appraisers in insurance litigation should be attacked by a bill in equity and that the defendant is not entitled to file the pleas which it has termed equitable pleas by way of defence.

The demurrers, therefore, to the fifth special pleas (fourth in action No. 82406) are sustained.

In the sixth special pleas (fifth in action No. 82406) the defendant sets out in substance that in the proofs of loss filed by the plaintiffs they falsely stated, contrary to a provision in the policies, that only themselves and the Colonial Finance Corporation had an interest in the trucks involved.

The plaintiffs' demurrers to these

special pleas are on the ground that the defendant failed to state what other person or persons had any interest in said trucks.

The Court is of the opinion that the defendant is not obliged to set out this information in its pleas. It would seem that a pure question of fact relating to the truth or falsity of the statements in the proofs of loss is raised by the pleas in question. In the judgment of the Court the plaintiffs' demurrers to the sixth special pleas (fifth in action No. 82406) should be overruled.

The seventh special pleas (sixth in action No. 82406) allege, first, certain false swearing in the proofs of loss as filed in connection with the amount of damages claimed, and then conclude with a statement that, in fact, the damage to each of said trucks did not exceed the sum of $1,250 as the plaintiffs then well knew.

The plaintiffs have demurred to these pleas on the ground that indirectly the latter portion of said pleas is an attempt to attack the award of the appraisers, which can not be done in this manner in an action at law.

There can, of course, be no dispute that a wilfully false and fraudulent over-valuation of the property destroyed will avoid the policy. This has been frequently held.

Vol. 14 R. C. L. 1344;
*Saidel* vs. *Union Assurance Society, Ltd.*, (N. H.) 149, Atl. 78.

The proper method of attempting to attack in this State an appraisers' award made under an insurance policy has been set out herein in considering the demurrers to the fifth special pleas. There is little question that the first portions of the pleas now under consideration are proper as they raise the issue of the wilful and false over-valuation of the property destroyed, but, after careful consideration, the Court has come to the conclusion that the addition to said pleas of the statement that as a matter of fact the value of said trucks did not exceed the sum of $1250 each does, in fact, constitute an indirect attack upon the award of the appraisers. Under such a plea it would seem that a clear issue would be involved on the question as to whether the figures named by the appraisers as the value of the trucks was correct or the value claimed in the pleas.

The Court is of the opinion, therefore, that, because of the allegation at the end of said pleas of a specific limitation of the value of said trucks, said pleas in substance do constitute an attack by way of plea in the law actions upon the awards of the appraisers and that this issue can not be raised in that manner.

For the above reasons the plaintiffs' demurrers to the seventh special pleas (sixth in action No. 82406) are sustained.

For plaintiff: Hogan & Hogan.

For defendant: Edwards & Angell.