OMAHA FIRE INSURANCE COMPANY v. MARY E. HILDE-BRAND.

FILED MARCH 17, 1898.   No. 7954.

1. **Insurance: PROOFS OF LOSS: WAIVER.** A provision of an insurance policy requiring the insured to furnish the insurer proofs of loss is one inserted therein for the benefit of the insurer and one which it may waive.

2. ———: ———: ———. This waiver of proofs of loss may be made before suit brought by the insurer's unconditional denial of its liability for the loss, or it may be waived after suit brought by the insurer's interposing to the action a defense that the policy was not in force at the time of the loss.

3. ———: TIME TO SUE FOR LOSS. Where an insurance company, either before suit brought or by answer in the action, denies that the policy was in force when the loss occurred, it cannot avail itself of the provision in the policy that no action shall be brought until sixty days after receipt of proofs of loss and adjustment. *Home Fire Ins. Co. v. Fallon,* 45 Neb. 554, followed.

ERROR from the district court of Sarpy county. Tried below before AMBROSE, J.   *Affirmed.*

*Jacob Fawcett* and *W. W. Morsman,* for plaintiff in error.

*George A. Magney, contra.*

RAGAN, C.

The Omaha Fire Insurance Company has filed a petition in error here to review a judgment pronounced against it in favor of Mary E. Hildebrand by the district court of Sarpy county.

1. The insurance company had insured against loss or

damage by fire to the extent of $1,000 certain real estate belonging to Mrs. Hildebrand and occupied by her as a dwelling-house and hotel. She brought this suit on that insurance contract, making the insurance policy a part of her petition, and alleging that the insured property was wholly destroyed by fire January 13, 1895, while the policy was in force; that she furnished the insurer proofs of loss under the policy as required thereby, and that the insurance company had refused to pay the loss, or any part of it. The insurer by its answer admitted the execution and delivery of the policy sued on, the destruction of the insured property by fire January 13, 1895, denied all other allegations of the petition, and interposed as an affirmative defense to the action that at the time of the fire the insured property was, and had for some time been, vacant and unoccupied, contrary to the provisions of the insurance contract. On the trial Mrs. Hildebrand did not prove that she had ever furnished the insurance company any "proofs of loss" or proof of the destruction by fire of the insured property. The insurer, to sustain its defense that the property was vacant and unoccupied at the date of the fire, called as its only witness Mrs. Hildebrand, who testified positively that the insured property was at the date of the fire occupied by herself as a residence and for hotel purposes; or, in other words, Mrs. Hildebrand's testimony entirely disproved the defense interposed to the action by the insurer. The district court directed the jury to return a verdict in favor of the insured. This was correct. The provision of an insurance policy which requires the insured to furnish the insurer proofs of loss is one inserted in the policy for the benefit of the insurer to enable it to ascertain the cause of the fire and the extent of the damage, and it is a provision which the insurer may waive; and where it denies that the policy was in force at the time of the loss of the insured property, it will be conclusively presumed to have waived the furnishing to it of proofs of loss. If the policy was not in force at the

date of the fire, the furnishing by the insured of proofs of loss would be an entirely useless proceeding. This waiver of furnishing proofs of loss may be made before suit is brought, by the insurer's unconditional denial of its liability for the loss, or it may be waived after the suit is brought by interposing to the action a defense that the policy was not in force at the time of the loss. In *Phœnix Ins. Co. v. Bachelder*, 32 Neb. 490, it was held: "The absolute denial by the insurer of all liability, on the ground that the policy was not in force at the time of the loss, is a waiver of the preliminary proofs of loss required by the policy." To the same effect are *St. Paul Fire & Marine Ins. Co. v. Gotthelf*, 35 Neb. 351; *Western Home Ins. Co. v. Richardson*, 40 Neb. 1; *Omaha Fire Ins. Co. v. Dierks*, 43 Neb. 473, 569; *Dwelling-House Ins. Co. v. Brewster*, 43 Neb. 528; *German Ins. & Savings Institution v. Kline*, 44 Neb. 395; *Home Fire Ins. Co. v. Hammang*, 44 Neb. 566; *Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Neb. 537; *Ætna Ins. Co. v. Simmons*, 49 Neb. 811; *Home Fire Ins. Co. v. Fallon*, 45 Neb. 554. The defense interposed by the insurer that the policy was not in force at the time of the fire because the insured property was vacant and unoccupied, contrary to the provisions of the policy, rendered it unnecessary for the insured to prove the allegation of her petition that prior to the bringing of the suit she had furnished the insured with proofs of loss.

2. The policy in suit provided that the loss should become due and payable sixty days after the insured had furnished the insurer proofs of loss. This suit was brought within less than sixty days after the date of the loss, and it is now insisted that the suit was prematurely brought, as at the date of the institution of the action the debt was not due. But the provision in the contract that the insured's claim should become due sixty days after he furnished proofs of loss was a contract for credit, and since the insurer waived the proof of loss it waived the credit, and the insured's claim

matured when the loss occurred. The precise question was before this court in *Home Fire Ins. Co. v. Fallon*, 45 Neb. 554, and it was there held: "Where an insurance company, either before suit brought or by answer in the action, denies that the policy was in force when the loss occurred, it cannot avail itself of a provision in the policy that no action shall be brought until sixty days after receipt of proofs of loss and adjustment."

The judgment of the district court is

AFFIRMED.