SADIE A. RYAN *vs.* AGRICULTURAL INSURANCE COMPANY.

Suffolk.    March 9, 1905. — April 4, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Insurance, Fire.*

Under a policy of fire insurance in the Massachusetts standard form, one holding a chattel under a contract of conditional sale, by which the title is to pass when all instalments of the purchase money have been paid and in the meantime the purchaser is " to be held liable for loss or damage by fire or otherwise," if the chattel is destroyed by fire, may recover not only the amount of the instalments he has paid but also the amount of his liability in consequence of the destruction of the chattel by fire.

CONTRACT on a policy of insurance against fire in the Massachusetts standard form on household furniture and other personal effects including a piano.   Writ dated April 29, 1904.

At the trial in the Superior Court before *Hardy*, J., without a jury, it appeared that on January 26, 1904, while the policy was in force, a piano and other articles of personal property were destroyed by fire while in the possession of the plaintiff in the house designated in the policy.   The plaintiff put in evidence a contract of conditional sale under which she received the piano and used it until it was destroyed by fire.   The price of the piano was $275, of which the plaintiff at the time of the fire had paid $71.

The contract was as follows : " This agreement entered into on the 24th day of June, 1903, by and between Frank L. Barnard, of Boston, Mass., as Lessor, and Mrs. David Ryan of Jamaica Plain, Mass.   Witnesseth, That the said Lessee has received of the said Frank L. Barnard, one Carlisle piano, mahogany, No. 30810, one stool, one scarf.   Said property to be located at 17 Sheridan Street, and not to be removed without the consent of

the said Frank L. Barnard, in writing, the Lessee to be held liable for loss or damage by fire or otherwise; and the Lessee hereby agrees to pay to the said Frank L. Barnard the sum of two hundred and seventy-five dollars ($275.00) with interest at six per cent per annum on unpaid balances, as follows : $43.00 (receipt acknowledged) paid on a former lease by Rose M. Halleren. And then $1.00 on Wednesday of each succeeding week until paid in full. The said Frank L. Barnard will not hold himself responsible for any agreement unless written or printed on face of this lease. And it is agreed, that on the payment of the above named amount in full, the said Frank L. Barnard shall execute a good and sufficient bill of sale of said property to said Lessee; but until such payment in full, it is agreed and understood that it is, and shall remain, the property of said Frank L. Barnard; that in case of failure on the part of the said Lessee to fulfill any part of this agreement, said Frank L. Barnard shall have the right to take immediate possession of said property without any legal proceedings. The Lessee acknowledges receiving a copy of this lease. Mrs. David Ryan. Frank L. Barnard."

At the close of the evidence the plaintiff asked the judge to make the following rulings: 1. That the plaintiff had an insurable interest in the piano to its full value. 2. That the loss on the piano was its reasonable value. 3. That the plaintiff was entitled to be put in the same condition pecuniarily in which she would have been if there had been no fire.

The judge refused to rule as requested, and made the following findings : " I find that the plaintiff in procuring insurance upon the property in her own name, had no intent to deceive the defendant or to withhold any facts material to the risk; that the title to the piano was in Barnard, and that the plaintiff had no insurable interest therein other than the interest she had acquired by the assignment and payment to the amount of $71 of the instalments due on the contract of sale."

The judge found for the plaintiff in the sum of $196.38, allowing for the loss of the piano only $71, the amount of the instalments paid by the plaintiff. The plaintiff alleged exceptions.

*F. A. Appleton*, for the plaintiff.

*G. S. Selfridge*, for the defendant.

KNOWLTON, C. J.    The principles applicable to this case were discussed in *Tabbut* v. *American Ins. Co.* 185 Mass. 419, and the facts in the two cases are almost identical.    There is one important·difference between them, affecting the interest of the plaintiff and the amount for which the defendant is liable. In that case, as in this, the plaintiff " had a possessory right, founded on a conditional sale, with the privileges pertaining to it which are given by the R. L. c. 198, §§ 11–13." Upon the facts agreed, and in the absence of anything to show that her right was otherwise valuable, it was held that she could recover only the sums that she had paid as a part of the price of the property, together with interest thereon.

In the present case the contract contains an additional stipulation, namely, that the lessee is " to be held liable for loss or damage by fire or otherwise."    Inasmuch as the plaintiff is liable to the owner under her contract for the destruction of the piano by fire, her insurable interest as a vendee under a conditional sale extends not only to the amount of her advancements towards the purchase, but also to her liability for the possible destruction of the property by fire.

The rulings requested should have been given.    See *Phœnix Ins. Co.* v. *Erie & Western Transportation Co.* 117 U. S. 312, 323 ; *Doyle* v. *American Ins. Co.* 181 Mass. 139.

*Exceptions sustained.*