ANTONIO VIGLIOTTI, Respondent, *v.* THE HOME INSURANCE COMPANY, NEW YORK, Appellant.

Second Department, October 19, 1923.

Insurance — automobile theft insurance — insured held automobile under conditional sale contract known to insurer — insured has insurable interest and may recover face of policy without deduction of amount due on purchase price of automobile.

The conditional vendee of an automobile has an insurable interest therein to the extent of the money actually paid on the automobile and his outstanding liability for the balance due, and an insurer who issues a policy against theft with knowledge of the vendor's interest is liable for the face of the policy without deduction of the amount due on the purchase price where, at the time of the theft of the automobile, the vendee was not in default on the conditional sale contract.

APPEAL by the defendant, The Home Insurance Company, New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 13th day of March, 1923, upon the verdict of a jury, and also from an order, entered in said clerk's office on the 17th day of March, 1923, denying defendant's motion for a new trial made upon the minutes.

*Frank N. Crosby*, for the appellant.

*Frank J. Slattery*, for the respondent.

KELLY, P. J.:

This is an action to recover the value of an automobile stolen from plaintiff, as to which defendant had insured plaintiff against loss from theft. The plaintiff was in possession of the automobile under a conditional bill of sale, title to remain in the seller until

payment of the full consideration. The balance unpaid was secured by plaintiff's notes for installments payable every thirty days, with provision that on default in payment of any note the entire amount of the consideration unpaid should be due at the option of the seller. Plaintiff had also secured an indorser on his notes which contained a provision for confession of judgment for the full amount in case of default in payment of any one of the notes. The existence of the conditional contract and the fact that part only of the consideration had been paid in cash was stated in plaintiff's application for insurance and the existence of the lien or right of the seller was expressly stated upon the face of the insurance policy, " Lien known to Home Insurance Company." The plaintiff had paid the installment notes as they fell due down to the date of the theft of the automobile. It cannot be questioned that as between plaintiff and the seller, the theft of the car furnished no defense to the liability on the outstanding notes. The learned trial justice said to the jury that the only question was whether the automobile had been stolen and what it was worth at the date of the theft. The defendant requested the court to charge that the amount of plaintiff's recovery was limited to the value of the car less the amount due the seller at the date of the theft, and the request was refused. This is the only exception argued upon the appeal. There were certain separate defenses pleaded in the answer as to conditions imposed by riders which defendant alleged were attached to the policy, requiring use of a locking device upon the automobile, and some reference was made on the trial to failure to file proof of loss. The plaintiff denied that there were any riders upon the policy delivered to him, and there was no competent evidence on behalf of defendant that the riders were attached to the policy when it was delivered, and in any event there was no evidence of any breach of the condition as to the locking device, and the court so charged without exception. As to the proof of loss, the court properly held that the answer admitted the receipt of proof of loss and defendant's counsel said: " I am inclined to agree with your Honor as to that; we are not stressing that. We are stressing the matter of ownership." The jury found a verdict for plaintiff for $800, the value of the automobile at the date of the theft. Upon the evidence in this case the plaintiff had an insurable interest in the automobile at the date of the issuance of the policy and at the date of the theft, and this insurable interest was not limited to the amount of cash paid on account of the purchase price. Plaintiff was liable for the full purchase price. As to the balance due at the date of the theft his notes were outstanding. Indeed, the notes provided that on default of payment of any one of them the

whole consideration price became due at the election of the seller, who was entitled to enter a judgment against plaintiff by confession for the full amount. The policy was a personal contract between insurer and insured, not a contract running with the property, and the insurance money was payable to plaintiff without regard to the nature or extent of his interest. Plaintiff's insurable interest was, *first,* the money actually paid, and *second,* his outstanding liability for the balance due. He was entitled to recover the whole amount of the loss, not exceeding the amount of the insurance, regardless of the nature and extent of his peculiar interest. (*Dakin* v. *Liverpool & London & Globe Ins. Co.,* 13 Hun, 122; affd., 77 N. Y. 600; *Hudson* v. *Glens Falls Ins. Co.,* 218 id. 133; *Ryan* v. *Agricultural Ins. Co.,* 188 Mass. 11; *Carpenter* v. *Providence Washington Ins. Co.,* 16 Pet. [U. S.] 495, 501; Joyce Ins. [2d ed.] §§ 895, 981a and cases cited.)

The judgment and order appealed from should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Judgment and order unanimously affirmed, with costs to respondent.