[Civ. No. 5169. First Appellate District, Division One.—March 17, 1925.]

SECURITY INSURANCE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

[1] INSURANCE — SEVERAL BENEFICIARIES—PLEADING—PARTIES—JURISDICTION.—Where a policy of insurance is payable to several persons as their interest may appear, in an action at law to recover for a loss thereunder all said persons must join as plaintiffs or, in the event of the refusal of one or more of them so to join, he or they must be made parties defendant; but the fact that there is a misjoinder or a nonjoinder will not deprive the court of jurisdiction to determine the matter.

[2] ID.—JURISDICTION DEFINED.—Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision made.

2. See 4 Cal. Jur. 1036.

[3] ID.—CORRECTION OF ERRORS—JURISDICTION—CERTIORARI.—The office of the writ of review is not to correct errors in the decision of the court sought to be reviewed, but is issued only where a court has acted without or in excess of its jurisdiction.

[4] ID.—ACTION ON INDEMNITY BOND — PARTIES—JUDGMENT—JURISDICTION.—While, in an action on an automobile indemnity bond, originally brought in the justice's court and subsequently appealed to the superior court, those courts may have no power to determine the respective rights of the different beneficiaries under the bond for the reason that the complaint as originally drawn does not make them all parties to the action, their subsequent determination (in accordance with the allegations of an amended and supplemental complaint) that the beneficiary who was made party plaintiff, having succeeded to the entire interest under the bond, is entitled to judgment for the full amount, even if incorrect, is binding upon the parties to the action, as such conclusion, whether right or wrong, is one within the jurisdiction of those courts to determine.

(1) 33 C. J., p. 81, n. 79.   (2) 15 C. J., p. 723, n. 79, p. 729, n. 49.   (3) 11 C. J., p. 100, n. 77, p. 104, n. 38.   (4) 11 C. J., p. 104, n. 44.

APPLICATION for a Writ of Certiorari to review a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Writ denied.

The facts are stated in the opinion of the court.

Edward J. Jose for Petitioner.

No appearance for Respondents.

TYLER, P. J.—The petition shows that on or about the twenty-eighth day of August, 1923, one A. M. Winstead commenced an action in the justices court of San Rafael township, county of Marin, state of California, to recover the sum of $238.50. Said complaint contained the following allegations:

"That at the time of the injury hereinafter mentioned this plaintiff, as vendee, was in possession of the said automobile under contract of sale from H. G. Sirard, as vendor,

and the Fairfax Bank was the holder by assignment of the contract of sale covering said automobile, all of which facts are set forth and appear by a rider attached to the policy of insurance hereinafter mentioned; that the amount of interest of said Fairfax Bank herein above mentioned in said assignment contract of sale is now $191.50."

That there was attached to said complaint and made a part thereof the policy of insurance in suit, which contained the following clause: "It is understood that A. M. Winstead, as vendee, is in possession of the herein described automobile under contract of sale from H. G. Sirard, as vendor, and that the Fairfax Bank is the holder of a mortgage or is assignee of the contract of sale covering the said automobile. It is agreed that subject to all the terms and conditions of this policy, loss, if any, thereunder shall be payable as follows, to wit, first, to Fairfax Bank, mortgagee or assignee, to an amount not exceeding the indebtedness secured by said automobile at the time of loss; second, to H. G. Sirard, vendor, to an amount not exceeding the balance due at the time of loss upon the contract of sale above referred to; 3rd, to A. M. Winstead, vendee."

The prayer of said complaint reads as follows: "Wherefore plaintiff demands judgment against the defendant for the sum of $238.50 and demands that said judgment when recovered be prorated between the plaintiff in the sum of $47.50, and the Fairfax Bank in the sum of $191.50, or such other sum as the court may find to be due to said Fairfax Bank at the time of said judgment, and for its costs of suit."

It is further alleged in the petition that thereafter the defendant (petitioner herein) filed a demurrer to said complaint, specifying as a ground of demurrer that the court had no jurisdiction of the subject matter of said action, which demurrer was overruled by the justice of said court; that the defendant (petitioner herein) thereupon filed an answer in said action, and as a defense thereto averred that said court had no jurisdiction of the subject matter thereof; that the court thereupon proceeded to try the cause, and that at said trial evidence was introduced tending to prove that plaintiff therein had succeeded to the interests of the other parties to the indemnity bond; that petitioner (defendant therein) refused to put in any evidence, and judg-

ment was rendered in favor of plaintiff for the sum of $238.50 and costs. That within the time and in the manner provided by law defendant took an appeal from said judgment to the superior court of the state of California in and for the county of Marin upon questions of law and fact; that the action came on regularly for trial, at which time petitioner herein objected to proceeding therewith, and moved for a dismissal upon the following grounds: That the justice's court had no jurisdiction over the subject matter of said action, and that said superior court had no jurisdiction on appeal therefrom. The court overruled the objection and denied said motion, and permitted plaintiff to file a supplemental complaint containing an allegation that plaintiff, as vendee under the contract of sale mentioned in the complaint, had paid in full to H. G. Sirard, vendor, and to the Fairfax Bank as holder by assignment of said contract, all moneys due and owing to them, and that neither H. G. Sirard nor said bank had any interest in or to the insurance policy, the subject matter of the action.

Judgment was thereafter entered in favor of the plaintiff in said action and against the defendant therein (petitioner herein) for the sum of $238.50 and costs upon the verdict of a jury. Defendant moved for a new trial, which motion was denied.

It is here claimed that the action of the superior court in proceeding to said trial and in denying said motion to dismiss was in excess of its jurisdiction sitting on appeal from the justice's court; that said action was one in equity, and the judgment attempts to conclude the rights of persons not parties to the action, and that the prayer thereof seeks an adjudication that the parties to the contract of insurance have no rights therein.

[1] Where a policy of insurance is payable to several persons as their interest may appear there is no question that in an action at law they must join as plaintiffs or, in the event of the refusal of one or more of them so to join, he or they must be made parties defendant. The fact, however, that there is a misjoinder or nonjoinder will not deprive the court of jurisdiction to determine the matter. [2] Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision made

(*Scherer* v. *Superior Court,* 96 Cal. 653 [31 Pac. 565].
[3] The writ of review will not lie where there is no ex-
cess of jurisdiction, although there may be error in the
decision of the court sought to be reviewed (*Holbrook, Mer-
rill & Stetson* v. *Superior Court,* 106 Cal. 589 [39 Pac.
936]). The office of the writ here sought is not to correct
errors, but is issued only where a court has acted without
or in excess of its jurisdiction (*Goodman* v. *Superior Court,*
8 Cal. App. 233 [96 Pac. 395]). [4] In the matter be-
fore us, while both the justice and the superior courts may
have had no power to determine the respective rights of
the different parties under the indemnity bond for the
reason that the complaint as originally drawn did not make
them all parties to the action, still their subsequent determi-
nation that plaintiff, having succeeded to the entire in-
terest under the bond, was entitled to a judgment for the
full amount, even if incorrect, is binding upon the parties
to the action, as the conclusion, whether right or wrong, was
one within the jurisdiction of those courts to determine.

The writ is denied.

Knight, J., and Cashin, J., concurred.