GREAT AMERICAN INSURANCE COMPANY, New York, a corporation, *Petitioner,* vs. IONA V. PETERS, a married woman, by her next friend, W. L. PETERS, LAURA F. STIEREN, by her next friend, CHARLES STIEREN, *Respondents.*

141 So. 745.

Division A.

Opinion filed June 24, 1932.

*O. D. Batchelor,* for Petitioner;

*L. J. Cushman,* for Respondent.

ELLIS, J.—Iona Peters, by her next friend, W. I. Peters, brought her action against Great American Insurance Company, a New York Corporation, upon an insurance policy for damages in the sum of two thousand nine hundred and ninety-nine dollars. The insurance policy indemnified Mrs. Peters in the sum of three thousand five

hundred dollars against loss or damage by windstorm, cyclone or tornado to a certain two story frame building owned by Mrs. Peters in the City of Miami.

The action was brought in the Civil Court of Record for Dade County. The policy of insurance which was attached to the declaration and made a part of it contained a mortgage clause known as the New York Standard Mortgage Clause. Under that clause the loss or damage, if any accrued, was payable to Laura F. Stieren, as her interest may appear. The declaration alleged that the insured property was partially destroyed by a windstorm and loss sustained in the sum of two thousand five hundred dollars; that the insurance company had failed to pay the damage sustained and that the plaintiff had employed an attorney to collect the amount due under the policy and had agreed to pay him the sum of four hundred and ninety-nine dollars for his services.

The record discloses that the defendant tendered a plea averring that at the time of the alleged loss and the beginning of the action the insured property was encumbered by a mortgage in favor of Laura F. Stieren in an amount in excess of the total loss alleged to have been sustained. The plea referred to the mortgage clause in the policy of insurance. The plaintiff then applied for and obtained leave to amend her declaration by ''inserting in the caption thereof the name of Laura F. Stieren, a married woman, joined by her next friend, Charles Stieren, as co-plaintiff'' and by alleging that Mrs. Stieren was the owner and holder of the mortgage and that the policy of insurance contains a clause providing that the loss or damage accruing to the property insured should be paid to her as her interests appeared.

On amending the declaration the plea was not allowed to be filed. The record contains an account of a conversation between counsel and the court as to the propriety

of the tendered plea and effect of the amendment to the declaration terminating in a request orally made by counsel for the defendant company that ''he (meaning the attorney for plaintiff) be required in a compulsory amendment to specify what the mortgage interest of Mrs. Stieren is.'' That request was not granted. There was a verdict for the plaintiffs in the sum of twenty-two hundred dollars and four hundred and fifty dollars attorneys fees.

The plaintiffs submitted to a remittitur in the sum of six hundred and sixty dollars and judgment was duly entered for the plaintiffs.

The defendant took a writ of error from the Circuit Court to the judgment which that court affirmed.

Upon application made to this Court in February, February, 1932, a majority of its members allowed a writ of certiorari to the Circuit Court for Dade County in the cause requiring the transmission to this Court of a copy of the record.

It appears from an affidavit of the attorney for the Insurance Company that a ''motion in arrest of judgment and the assignments of error'' had been omitted from the record, on which he moved this Court for an order directed to the Clerk of the Circuit Court for Dade County to transmit to this Court certified copies of those documents. That order was granted by a majority of the members of this Court.

Certified copies of these documents were filed in this Court in May, 1932.

The motion in arrest of judgment contains seven grounds, four of which relate to orders of the Civil Court affecting the pleas which do not appear in the record, three of the grounds relate to the seventh plea which was tendered but not allowed to be filed and the order allowing the amendment to the declaration and the order de-

nying the defendant's motion to "compel the plaintiffs to further amend the said declaration so as to make it appear what was the amount due said Laura F. Stieren on the mortgage protected by the said mortgagee clause."

The assignments of error which appear to have been filed in the Civil Court of Record on writ of error to the Circuit Court are ten in number but only three of them relate to the orders denying leave to file the seventh plea allowing the plaintiffs to amend the declaration by making the mortgagee Laura F. Stieren a co-plaintiff and denying the defendant's request to compel the plaintiff to amend the declaration by alleging the amount due to Mrs. Stieren on the mortgage. The remaining seven assignments of error relate to matters which do not appear of record.

Mrs. Peters by her counsel moved to quash the writ of certiorari more than two weeks before the court ordered the record to be amended by the certification to this court of the assignments of error and motion to arrest the judgment.

The motion contained many grounds among which were that the writ was improvidently issued, that the record did not disclose that the alleged errors of which complaint was made were never brought to the attention of the trial court by any of the methods known to court procedure; that no assignment of errors appears to have been filed in the Circuit Court; that no objection of any character by due methods of court procedure was made to the amending of the declaration by making Mrs. Stieren a party plaintiff; that the record discloses no misjoinder of parties plaintiff nor is there any showing in the record that either the Civil Court of Record or the Circuit Court failed to proceed in accordance with the essential requirements of the law.

This motion should have been granted as it was well founded in all of its grounds, but no action seems to have been taken on it by this Court and two weeks later, as stated, the petitioner was permitted to file certified copies of the motion in arrest of judgment and assignment of errors. If by that action of this Court the question which petitioner seeks to present is before us, the writ should nevertheless be quashed as the misjoinder of a plaintiff could not in anywise result harmfully to the defendant so that it might be accurately charged that the trial court failed to proceed in accordance with the essential requirements of the law.

There was no lack of jurisdiction nor substantial error of procedure which deprived the defendant of any right to interpose any defense available.

The mortgagee could recover only in the event the Company was liable under the terms of the policy to the owner of the property. By making herself a party plaintiff in the cause she was bound by any judgment rendered and one payment of the judgment to the plaintiffs would completely satisfy it. Assuming that the mortgagee's contract with the Insurance Company is an independent one from that of the owner, it is enforceable only in the event that loss or damage accrues under the terms of the policy.

If the owner only had sued and had obtained judgment would not the judgment have been fully discharged by its payment to the owner and an ackowledgment of satisfaction by the mortgagee? In making herself a party to the action does she not become bound by the judgment and its satisfaction?

But even assuming that there was error in permitting both owner and mortgagee to join as plaintiffs in the action, it was not illegal in the sense that any rights of the defendant were impaired. The insured in this case

is not concerned about the amount due the mortgagee on the mortgage. The mortgagee could in no event recover more than the loss sustained by the owner. Under a mortgage clause such as the one existing in this case even if it creates an independent, separate and severable contract between the mortgagee and insurer in the sense that the mortgagee may maintain a separate action in his own right against the insurer, there is no harmful error if any at all in the mortgagee joining with the owner in an action to recover the amount due under the policy. See Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 South. Rep. 473; Fire Ass'n of Philadelphia v. Evansville Brewing Ass'n, 73 Fla. 904, 75 South. Rep. 196; Martin v. Sun Ins. Office of London, 83 Fla. 325, 91 South. Rep. 363; Joyce on Insurance, 3642.

If the defendant Company had made it to appear that in the particular circumstances of the case it had a defense as against the owner which would defeat her recovery but would be unavailing as to the mortgagee it may have been asserted with some degree of reason that the defendant in such case would be harmfully embarrassed by the joining of owner and mortgagee as plaintiffs but no such showing is made. The mere fact that the mortgagee might have maintained an action in her own name is no right of the defendant, who cannot complain that the mortgagee casts in her lot with the owner.

This Court has often explained and fully discussed in many opinions the functions of the writ of certiorari. There is no showing in this case that brings it within the scope of the functions of such a writ.

The writ is quashed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.