LINCOLN FIRE INSURANCE CO. OF NEW YORK v. ERNEST HURST.

150 So. 722.
Division B.
Opinion Filed October 17, 1933.
Rehearing Denied November 9, 1933.

*Wm. Fisher,* for Plaintiff in Error;
*John M. Coe,* for Defendant in Error.

BUFORD, J.—Frank E. Welles sold to Ernest Hurst a certain lot together with materials for building a house thereon under a conditional sales contract. The purchaser was a carpenter who erected the house and thereupon the agent of plaintiff in error solicited Hurst to write insurance on the house and the furniture in the house. The agent inspected the house and wrote a policy in the sum of $1,250.00 in-

suring the house against loss by fire, the insurance payable to Frank E. Welles and Ernest Hurst.

While the policy was in force the house and furniture were destroyed by fire. After the fire occurred there were conferences between the adjuster representing the insurance company and the insured, Hurst.

The adjuster agreed to pay the face of the policy on the furniture, $300.00, and finally offered to pay $900.00 in settlement of the loss of the building. Hurst refused to accept this and the adjuster advised that the company would not pay any more than that amount. Thereupon, Hurst filed suit.

We do not mean to say that there is not some contradiction in the record as to the above outline of the statement of facts, but these are the facts which could have been, and evidently were, reasonably deduced.

The suit was brought in the name of Hurst individually and for the use of Welles. It was alleged in the declaration and so proven that Welles had declined to join in the suit. It was alleged in the declaration that by reason of the course pursued by the adjuster for the insurance company, defendant waived notice of proof of loss and the period of time required before suit could be instituted and that except for the matters waived "all matters and things have been done and performed, all periods of time have elapsed and all events and conditions have existed and happened to entitle the plaintiff to the performance by the defendant of its said contract and to entitle the plaintiff to the said sum of $1,250.00 and nothing has occurred to prevent the plaintiff from maintaining this action."

Demurrer was filed to the declaration and the same was overruled. Thereupon, defendant filed three pleas.

The first plea in effect denied that the adjuster had done

anything which could be construed as a waiver of proof of loss or a waiver of sixty days after proof of loss, to which the insurance company was entitled before the plaintiff could maintain the suit and denied the right of plaintiff to maintain the action as the sole plaintiff.

The second plea was to the same effect, as was also the third.

In addition to this, the first plea alleged that the negotiations had between Hurst and the adjuster were had without "any negotiations having been had with Frank .E. Welles, the other insured under the policy, and without any proof of loss having been filed by the said Frank E. Welles and without any authority on the part of Frank E. Welles."

Motion was filed to require defendant to amend its plea numbered one by striking therefrom the above allegation and also to strike from the second plea the following allegation:

"and without any authority from Frank E. Welles, and without any proof of loss or statement of the same having been filed by the said Frank E. Welles,"

and also to strike from the third plea the following allegation:

"That no negotiations were had with Frank E. Welles, the other of the two persons assured under the policy, and that the plaintiff was not acting with any authority of the said Frank E. Welles in conferring with the defendant's Adjuster."

"That as the plaintiff well knew, the house had been built new a short time before the fire at a cost very considerably less than twelve hundred and fifty ($1,250.00) dollars, which was the face amount of the policy."

"and without any negotiations having been had by the defendant's Adjuster with the other assured and without

any authority to act for the other assured under the said policy, and without the other assured having filed any proof of loss."

Upon hearing this motion, the motion was granted, except as to the striking of that part of Plea Number Three as follows:

"That as the plaintiff well knew the house had been built new a short time before the fire at a cost very considerably less than twelve hundred and fifty ($1250.00) dollars which was the face amount of the policy."

as to the striking of which the motion was denied.

On trial the verdict was in favor of the plaintiff for the face of the policy, together with $125.00 as a reasonable attorney's fees.

The plaintiff in error suggests that there are five questions to be determined. Quoting from the brief, they are as follows:

1. "Has a conditional vendee the right to recover the full amount of an insurance policy insuring him and the conditional vendor jointly, the declaration on the policy alleging the refusal of the vendor to join in the suit, and failing to allege the interest of the vendor or of the vendee or whether the conditional sale contract is in default?

"The court below held: Yes.

2. "Does a waiver of proof of loss by an insurer, other, than by an unconditional denial of liability, operate as a waiver also of the policy stipulation that the amount of the loss shall be payable sixty (60) days after its due ascertainment, so as to give an insured the right to institute suit within one or two days after the time when the alleged waiver of proof of loss took place?

"The Court below held: Yes.

3. "Are the allegations of the declaration in this case sufficient to show a waiver by the insurer of proof of loss?

"The Court below held: Yes.

4. "Was the evidence sufficient to show a waiver by an insurer of the filing of proof of loss by insured?

"The Court below held: Yes.

5. "The giving of certain charges, and the refusal of others, by the court below, and certain rulings of the court on the admission of testimony are assigned as error and are specifically discussed in the argument."

We think these questions were answered correctly by the trial court.

In Insurance Co. of North America, et al., v. Erickson, 50 Fla. 419, 39 Sou. 495, 111 Am. St. Rep. 121, this court said:

"The interest of a purchaser of property, which he has unqualifiedly agreed to buy and which the former owner has absolutely contracted to sell to him upon definite terms, is the sole and unconditional ownership within the true meaning of the ordinary clause upon that subject in insurance policies, because the vendor may compel the vendee to pay for the property and to suffer any loss that occurs."

To the same effect is the holding in Phoenix Insurance. Co. v. Hilliard et al., 59 Fla. 590, 52 Sou. 799.

In this case a condition is presented more favorable to the plaintiff than were the conditions in those cases. Here the policy was payable to the vendor and the vendee. The declaration alleges and the proof shows that the vendor had refused to join in the suit and, thereupon, the vendee sued for himself and for the use of the vendor. There could be no doubt that he had the right to pursue this course because otherwise the vendor would be in a position to cut off the vendee's right of recovery under the policy.

Even if there were no other legal reasons to support the joint insured's right to maintain this action as it was instituted, Section 2561, R. G. S., 4201, C. G. L., clearly accords him this right because under the decisions of this Court above cited, it must be conceded that he is the real party in interest.

The next question to be considered is whether or not there was a waiver of the proof of loss and of the sixty-day period to elapse before suit could be brought. The answer to this question depends, first upon the question of fact as to what transpired between insurer and the insured. As to this there was conflict in the evidence and it appears that the jury, whose province it was to pass upon the conflicting testimony, resolved the determination of those facts in favor of the plaintiff, for which there is ample support in the record. Then we must determine, assuming that the controverted facts have been determined in favor of the plaintiff, whether or not the defendant by having its agent, the adjuster, go upon the ground and admit liability and offer to pay $900.00 in settlement of the claim and refusing to pay more than that amount has waived proof of loss and also waived the sixty-day period before suit could be instituted.

We think, assuming the facts to be established as stated, that the waiver was effectuated.

In the case of Commercial Fire Insurance Co. v. Allen, 80 Ala. 571, 1 Sou. 202, the Supreme Court of Alabama, speaking through Mr. Justice Stone, said:

"An offer by an insurance company to pay the loss, except upon certain things claimed not to be covered by the policy, is a waiver of proofs of loss, and gives the insured the right to sue at once, without waiting for the lapse of 60 days provided in the policy."

In Baltimore Fire Insurance Co. v. Loney, 20 Md. 20, the Supreme Court of Maryland said:

"The objection made to the allowance of interest from the 7th of May, 1857, when payment was remanded, is founded on a clause contained in the 9th condition of the policy, providing for the payment of loss within 60 days after the same should be ascertained and proved. There was no dispute as to the right of the appellees, to interest after the time fixed for payment by that condition, it being an established rule that interest may be claimed from the time the principal sum becomes payable by the terms of the policy. McLaughlin v. Wash. Co. Mutual Ins. Co., 23 Wend. 525. Hallet v. Phoenix Ins. Co., 2 Wash. C. C. R. 279. The principle involved is the same as in cases where, by the expiration of the time limited for the payment of a principal sum, interest becomes payable for the time the sum due may be withheld; and the objection made to the allowance of interest in this case, presents the question, whether the amount to be paid on this policy, was due and recoverable on the day from which the interest allowed was computed. We have no doubt on that point. It appears from the statement of facts made by agreement of the parties, that the conditions of the policy as to preliminary proof, were complied with, and a demand of payment made on the date mentioned, and that the appellant thereupon admitted the loss, and offered payment of what it assumed to be the amount of its liability, but in fact a less sum than it was bound for, and then, denying all further obligation on the policy, refused to pay any other or larger sum. Upon these facts we must hold that the condition as to the time of payment was waived, and that the sum for which the appellant was bound then became due and recoverable. In our opinion the allowance of interest is not open to objection."

To like effect is the holding in Concordia Ins. Co. v. School District No. 98, 40 Fed. (2nd ed.) 379, and Omaha Fire Ins. Co. v. Hildebrand, 54 Neb. 306, 74 N. W. 589.

In Sovereign Camp W. O. W. v. McDonald, 76 Fla. 599, 80 Sou. 566, this Court, speaking through Mr. Justice ELLIS, said:

"The agreement that proceedings shall not be brought upon the certificate within a certain time after proof of death submitted is binding upon the beneficiary, but it affects the remedy only and may be waived by the insurer. Now an unqualified denial of liability waives preliminary proof of loss or death required by the policy. If proof of loss or death is waived, it is unnecessary to submit it. If it is unnecessary to submit it, it follows, that so far as the clause refers to proof of death, as a time from which the right to sue accrues, it has been waived by the insurer and made as if it did not exist. To hold otherwise would be to say that waiver of preliminary proof of death could not be made by the insurer. The defendant refused to pay at all and based its refusal upon some ground distinct from regularity of proof of death, or as the declaration alleges without 'further objections to formalities of notice and proof of death.'"

While the above statement is not directly in point as to this case, it is persuasive of what should be held to be the law in this jurisdiction.

It appears to us, therefore, that the declaration sufficiently alleges, and the proof sustains such allegations, that there was waiver by the insurer of proof of loss and of the period of time which should elapse before institution of this suit.

We have examined the charges and find no reversible error reflected therein.

The only other question involved is as to the sufficiency

of the evidence to establish the necessary facts to support the verdict. There is substantial evidence to support the verdict and, although the evidence is conflicting, the conflicts having been resolved in favor of the plaintiff in the court below, the defendant in error here, and the trial judge after hearing the evidence having refused to set aside the verdict, it is our duty to allow the same to stand.

The judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and ELLIS, J. J., concur.

TERRELL and BROWN, J. J., dissent.