23795.  JOHNSON *v.* GENERAL EXCHANGE INSURANCE CORPORATION.

DECIDED SEPTEMBER 25, 1934.

*Ellis B. Barrett, A. Walton Nall,* for plaintiff.
*Harry S. McCowen,* for defendant.

STEPHENS, J.   P. R. Johnson, as an insured under a policy of theft insurance upon an automobile, wherein the plaintiff, as the purchaser of the automobile, Stone Mountain Chevrolet Company as the alleged "dealer," and General Motors Acceptance Corporation are insured against the theft of the automobile *"as their interests may appear,"* by his petition as amended brings suit in his own behalf against General Exchange Insurance Corporation, the insurer, for damages for the theft of the automobile, under the provisions of the policy, in the sum of $461, plus 25% thereof as a penalty for bad faith, amounting to $115.25, and the sum of $250 as attorney's fees, less $294 which it is alleged was due to General Motors Acceptance Corporation and Stone Mountain Chevrolet Company, for which latter amount of $294 the plaintiff brings suit for the use of General Motors Acceptance Corporation and Stone Mountain Chevrolet Company.   It was alleged that the plaintiff complied with all the requirements of the policy, and that proof of loss and demand were made in due time, as required by the policy, and that suit was brought after the expiration of sixty days from demand.   The defendant demurred to the petition as amended upon the ground that it failed to set out a cause of action, that it failed to show any right in the plaintiff to recover, and that there was a "non-joinder of parties plaintiff" in that General Motors Acceptance Corporation and the dealer named in the policy were each a coinsured and had an interest in the policy and were not made parties plaintiff.   The demurrer was sustained and the case dismissed, and the plaintiff excepted.

The petition alleged a liability on the policy by the defendant for a loss to some one.   This is not denied by the defendant.   Has the plaintiff, P. R. Johnson, the right to maintain the suit to recover under the policy, in the absence of General Motors Acceptance Corporation and Stone Mountain Chevrolet Company as parties plaintiff?   P. R. Johnson is named in the policy as the purchaser of the automobile, and Stone Mountain Chevrolet Company is named in the policy as the "dealer."   The policy provides that it "does in-

sure the dealer and the purchaser named below, and the General Motors Acceptance Corporation as their interests may appear, and their legal representatives," against theft of the automobile. It is insisted by the defendant that the parties insured in the contract sued on consist of the plaintiff P. R. Johnson, Stone Mountain Chevrolet Company, and General Motors Acceptance Corporation, that the legal interest of the insured in the contract is vested in these three parties, and not in P. R. Johnson alone, and that therefore, as provided in section 5516 of the Civil Code of 1910, a suit by the insured under the contract must be in the name of the three parties thereto, and that it can not be maintained in the name of P. R. Johnson alone.

The contract expressly insures the three parties named "as their interests may appear." They are not insured jointly, but severally, and to the extent of their several interests. The interest of each party insured is separate and distinct, and may be in different amounts accordingly as "their interests may appear." The defendant insurance company is a party to this contract and is, of course, bound by its terms. It could, after a loss, discharge its obligation under the contract by a settlement separately with each of the parties insured to the extent of each party's interest. The defendant could, out of the sum due as loss under the policy, pay to General Motors Acceptance Corporation, or to Stone Mountain Chevrolet Company, as the case may be, the balance due by the purchaser upon the purchase-money of the automobile, and could also pay to the purchaser the balance, if any, which would be due to him.

No case in Georgia exactly in point has been cited. In fact no case exactly in point has been cited by counsel for either party. The court, by its own investigation, has found that it has been held in several cases by the Supreme Court of New York that under a policy of fire-insurance issued to more than one party as the insured, as where it is issued to a mortgagor and mortgagee "as interests may appear," or "as their respective interests may appear," the liability of the insurer is several and not joint, and that either one of the insured, or his assignee, may, without joining the other party insured, maintain an action on the policy. See Kent v. Ætna Ins. Co., 84 App. Div. 428 (82 N. Y. Supp. 817), and Strombald v. Hanover Fire Ins. Co., 121 Misc. 322 (9) (201 N. Y. Supp. 67). In the former case, where the policy was issued to the mort-

gagor and the mortgagee "as interests may appear," it was held that the contract was several and not joint and that the mortgagee, without the mortgagor being joined as a coplaintiff, could maintain an action for loss under the policy. The court in its opinion stated: "The insurance company contends that these parties were insured jointly and that its liability to them is joint, and not several. In other words, they claim that the construction of the policy is the same as if the plaintiff [the mortgagee] and the [mortgagor] had been named as the insured, and the clause 'as their interest may appear,' had been omitted. We fail to see how the words last quoted are to be given any force and effect, unless they be construed as creating a several liability. According to the allegations of the complaint the insurance company received a premium for $2000 insurance, and it contracted to pay $2000 for a total loss. It is unreasonable to suppose that after examining the property as it presumably did, and accepting the premium, the insurance company intended by this clause to require the insured to prove ownership. It dealt with them upon the assumption that between them they held the complete title, but not jointly, and it contracted to pay them according to their respective interests, which, of course, they were required to show. This appears to us to be the reasonable construction of the policy, and the one supported by well-considered precedents." Then follows a line of New York citations. This case is followed with approval in Strombald v. Hanover Fire Ins. Co., supra. See Sullivan v. Spring Garden Ins. Co., 34 App. Div. 128 (6) (54 N. Y. Supp. 629); 2 Cooley's Briefs on Insurance, 1281, 1286; Lincoln Fire Ins. Co. v. Hurst, 112 Fla. 350 (150 So. 722); 26 C. J. 484, 485. Counsel for defendant rely upon Security Ins. Co. v. Superior court, 71 Cal. App. 701 (236 Pac. 335). In that case, while the court stated that "where a policy of insurance is payable to several persons as their interests may appear, there is no question that in an action at law they must join as plaintiffs or, in the event of the refusal of one or more of them so to join, he or they must be made parties defendant," the court did not hold that the petition, which was brought in the name of only one of the parties as plaintiff, was subject to demurrer for non-joinder. It was there held that the alleged non-joinder did not deprive the court of jurisdiction to determine the case.

The plaintiff, P. R. Johnson, may maintain an action on the

policy to recover in so far as his interest may appear, without joining as parties plaintiff either of the other parties named in the policy as the insured. The petition therefore was not subject to demurrer upon the ground that the other parties named as insured in the policy were not made parties plaintiff. Whether either of these parties should have been made a party defendant is not now presented for decision. See the opinion of the New York court in Kent *v.* Ætna Ins. Co., supra. The defendant, by not demurring specially upon this ground, may have waived its right in this respect.

Can the plaintiff, P. R. Johnson, recover the amount due the General Motors Acceptance Corporation, or the Stone Mountain Chevrolet Company, which represents the balance on the purchase-money of the automobile? This question is not presented by the general demurrer, and it is not raised by a special demurrer. The plaintiff, under the contract, may recover to the extent of his interest in the sum payable as loss under the policy. The petition is therefore good as against the general demurrer, and the special demurrer interposed on the ground that the petition was defective because of a non-joinder of parties plaintiff.

It is suggested, by way of obiter, that where the purchaser of property is under an obligation to pay the unpaid portion of the purchase-price, notwithstanding the loss of the property by a hazard insured against, he has an insurable interest in the property to the extent of its full value, and may recover the full amount of the loss payable under the policy. Ryan *v.* Agricultural Insurance Co., 188 Mass. 11 (73 N. E. 849); Vigliotti *v.* Home Ins. Co., 206 App. Div. 398 (201 N. Y. Supp. 407). See Civil Code (1910), § 4123. In Lincoln Fire Ins. Co. *v.* Hurst, supra, the Supreme Court of Florida held that a plaintiff in the situation of the present plaintiff may recover on the policy the full amount of the loss, including the amount due the other party to the contract, which is recoverable for the latter's use.

The petition set out a cause of action and was not subject to demurrer. See *Douglas &c. Co.* v. *Swindle*, 2 *Ga. App.* 550 (1). The court therefore erred in sustaining the demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

JENKINS, P. J., concurring specially. I agree to the judgment rendered in this case, but do not concur in all that is said by my

colleagues. The policy of insurance appears to have been issued upon an automobile sold under a conditional-sale agreement, and subject to two liens, one in favor of the vendor under its conditional-sale agreement, the other in favor of a company which appears to have advanced a portion of the purchase-money. The policy is made payable on its face to these three parties as their interests may appear. The suit as originally brought by the vendee was amended so as to be maintained both for himself and for the use of the vendor and the other lienholder, for the entire amount of the policy. Under the ruling of this court in *Equitable Fire Insurance Co.* v. *Jefferson Standard Life Insurance Co.*, 26 *Ga. App.* 241 (105 S. E. 818), it does not appear that either the vendor or the other lienholder could have maintained the suit for the total loss solely in its own name, even though it purported to act for the other parties covered by the policy; but inasmuch as the vendee holds the full title to the property subject merely to the payment of the portion of the purchase-money due to the vendor and the amount due to the other lienholder, I think that the action is maintainable by the vendee, suing for himself and for the use of the vendor and the other lienholder, and that these two lienholders need not be made parties plaintiff otherwise than has been done in this case. I do not think, however, as appears to be held from the language in the headnote and the opinion, that the action could be split and that each of the parties could maintain a separate action to the extent of his own individual interest in the policy on the theory that the policy is a several obligation. In *Staten* v. *General Exchange Insurance Cor.*, 38 *Ga. App.* 415, 417, 418 (144 S. E. 53), this court declined to pass on the question which is now before it, but cited certain cases as perhaps throwing light thereon. From a consideration of these cases I do not think that it would be true that, where a policy of insurance is issued to two or more persons owning separate and independent interests in the property, an action on the policy could be maintained except by all the parties who together own the property. In this case, however, as I see it, the plaintiff as the vendee owns the full title to the property subject only to the payment of the liens securing the debts owed by him to the other parties named in the policy, with the result that he as the owner of the entire property, suing for himself and for the use of these lienholders for the

full amount covered by the policy, is entitled thus to maintain his suit.