## 27731. RILEY *v.* FEDERAL INSURANCE COMPANY.

Decided October 18, 1939.

*E. E. Carter, Noah J. Stone,* for plaintiff.

*Kennedy, Campbell & Therrell, Scott Hogg,* for defendant.

GUERRY, J.   E. L. Riley brought suit against Federal Insurance Company on a policy which insured an automobile purchased by Riley against damage sustained by said automobile by collision or upset. Riley was named as the assured, and the policy provided that "loss, if any, payable as interest may appear, to assured and American Discount Company." Under the evidence submitted, it was shown that Riley purchased the car new in May, 1937, at the price of $1342, and, after making a cash payment, gave his retention-of-title notes for the balance due thereon, and American Discount Company became the purchaser of such notes. On August 11, 1937, the car sustained damages in a collision in an amount alleged to be $1150. It appeared from the evidence that at that time Riley owed American Discount Company on the purchase-money notes the sum of $1026. The evidence for the plaintiff was sufficient to authorize the jury to find that immediately before the injury the car was worth at least $1000, and after the injury only $150. The defendant pleaded and proved that at some time after the damage American Discount Company repossessed the car and accepted from Federal Insurance Company $410 as the amount of the damages sustained by the car in the collision. The court charged the jury as follows: "If you find that Riley, the plaintiff, was indebted, under the conditional-sales contract, as the defendant claims, to the American Discount Company in the sum of $1026, and if you further believe that the damage caused by the collision was less than the sum owed on the car by the plaintiff, Riley, to American Discount Company, then you would not be authorized to find for this plaintiff any amount, . . but if you do not believe that the damage to the car, the total damage, exceeded the sum of $1026, provided that you find that Riley, the plaintiff, owed the American Discount Company $1026, if the total damage did not exceed this sum, then the plaintiff could not recover

any amount." A verdict was returned in favor of the plaintiff for only $50, the amount he paid to preserve the property; and the plaintiff excepted. For convenience we shall refer to Riley as the mortgagor and American Discount Company as the mortgagee.

Irrespective of the rule in other jurisdictions, it is settled in this State by the decision in *Johnson* v. *General Exchange Ins. Cor.*, 49 *Ga. App.* 780 (176 S. E. 840), that an action might be maintained on the present policy either by Riley or American Discount Company. In *Trust Co. of Ga.* v. *Scottish Union &c. Ins. Co.*, 119 *Ga.* 672 (46 S. E. 855), it has been held that "A mortgagee may maintain an action at law, in his own name alone, for loss under an insurance policy payable to him as his interest may appear, when the amount of his debt exceeds or equals the value of the *insurance* [not the damage], and the mortgage embraces all of the insured property which was destroyed." (Italics ours.) It can readily be seen, if the entire amount to be paid under the policy is to be paid to the mortgagee, that the right of action is in him, although the mortgagor may be interested as to the amount and extent of the loss. It becomes another matter, however, when there is a dispute as to the amount which is to be recovered because of the damage insured against, or the amount due and owing by the mortgagor to the mortgagee. It will be noted in the *Johnson* case, supra, that the mortgagor brought the action and alleged the amount of the entire loss covered by the policy, and then alleged the amounts which were due to the mortgagees named in the policy, and sued for this amount for their use, and for the overplus, if any, for himself as mortgagor. It does not necessarily appear that the mortgagees named in such action were bound by the allegations and proof offered by the plaintiff in that suit. The opinion stated that "whether either of these parties should have been made party' defendant is not now presented for decision."

We can readily see why the charge complained of in the present case was error prejudicial to the plaintiff. It limited his right to recover to the excess of the damage over the amount owed, without anywhere taking into consideration the amount actually paid by the insurer to the mortgagee. In 26 C. J. 485, § 681, it is said: "If the mortgagee's interest equals or exceeds the amount recoverable under the policy, the entire right of recovery being in him, he may sue alone, provided he makes the mortgagor a party defend-

ant." See Couch on Insurance, 6715, § 2052. In Franklin Insurance Co. *v.* Wolff, 23 Ind. 549, the court held: "A mortgagee to whom a fire policy is payable may, where the mortgage debt exceeds the amount of the policy, prosecute an action on the policy in his own name, if the insured is made a party defendant." If the amount of the damage proved in the present case had been more than the amount owed to the mortgagee, the mortgagor would have been entitled to recover for his own benefit the excess. Can it be contended that the mortgagee, by agreeing to take a less amount as an agreed valuation of the damages sustained, could prevent any recovery by the mortgagor, although he might be able to show that the actual damage was even greater than the amount owed the mortgagee? We do not think so. With the $410 paid by the insurer being credited by the mortgagee on the $1026 owed to him by the mortgagor, the mortgagor remains liable to the mortgagee for the unpaid balance. By making the settlement and release with the insurance company the mortgagee forecloses *itself* from any further action on the policy. If a loss insured against has been sustained as alleged in the petition and as is supported by the evidence, the insurer is liable therefor in full either to the mortgagor or mortgagee. The mortgagee, by making an independent and separate settlement of his claim under the policy can not bind the mortgagor thereby as to the amount of the damage, unless the mortgagor is a party to the settlement. The insurer is obligated to pay the amount of the loss, first, to the mortgagee as his interest may appear. This payment to the mortgagee is by reason of the debt which the mortgagor owes, and is for the benefit of the mortgagor. The mortgagor has no separate interest in the damages until the mortgagee has been paid in full. He has an interest, however, in the entire amount due under the policy to the extent above mentioned. The mortgagor's interest pervades the entire contract. A charge which, under the facts as they appear from the evidence in this case, limits the amount the mortgagor may recover to the excess of the damages over the amount *owed* the mortgagee, is not a correct statement of the law applicable thereto. The mortgagee having arbitrarily settled for an amount which the mortgagor claims is less than the actual damage insured against, the mortgagor is not thereby precluded from recovering from the insurer the difference between the amount paid the mortgagee and

the actual damages sustained as may be found by the jury, the mortgagor not being a party to any suit or settlement made as between the insurer and the mortgagee. The mortgagor has such an interest in the amount paid the mortgagee by the insurer as will prevent a settlement as to the amount of the damages between the insurer and mortgagee from being binding on him, even though he may owe the mortgagee an amount in excess of the entire damages sustained.

For discussion upon the principles involved, see Capital City Ins. Co. v. Jones, 128 Ala. 361 (30 So. 674, Am. St. R. 152); Peck v. Girard Fire &c. Ins. Co., 16 Utah, 121 (51 Pac. 255, 67 Am. St. R. 600); Brookings v. American Ins. Co., 134 Kan. 616 (7 Pac. 2d 111); Florea v. Iowa State Ins. Co., 225 Mo. App. 49 (32 S. W. 2d, 111); Ohio Farmers Ins. Co. v. Hall, 45 Ohio App. 166 (186 N. E. 823); Commercial Union Fire Ins. Co. v. Wade, 103 Ind. App. 461 (8 N. E. 2d, 1009); Gosnell v. Camden Fire Ins. Asso. (Mo. App.), 109 S. W. 2d, 59; Jefferis v. London Assurance Corporation, 16 Fed. Supp. 590; U. S. Fire Ins. Co. v. Hecht, 231 Ala. 256 (164 So. 65); Insurance Underwriters Agency v. Pride, 173 Ark. 1016 (294 S. W. 19); National Union Fire Ins. Co. v. Henry, 181 Ark. 637 (27 S. W. 2d, 786); Great American Ins. Co. v. Peters, 106 Fla. 40 (141 So. 745).

The charge here complained of in effect allowed the mortgagee to agree with the insurer as to the amount of the loss or damage insured against, and precluded the mortgagor from getting the benefit on his indebtedness to the mortgagee of the actual loss or damage, and allowed the insurer to escape liability for the difference between the actual loss insured against and the amount it paid the mortgagee. It is unnecessary for this court to pass upon the remaining assignments of error.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion, under the decision of this court in *Johnson* v. *General Exchange Insurance Corporation,* 49 *Ga. App.* 780 (176 S. E. 840), the verdict in favor of the plaintiff for the sum of $50 was demanded by the evidence; and the grounds of the motion for new trial are without substantial merit. The court did not err in refusing to grant a new trial.