34973. GEORGIA CASUALTY & SURETY COMPANY *v.* PINCUS.

CARLISLE, J. 1. Where, by the terms of a contract of fire insurance covering two described motor vehicles, the insurer's liability is limited to the actual cash value of the motor vehicles at the time of loss, and it is agreed in the policy that "Any loss under coverages D, E, F, G-1, G-2, H, and I is payable as interest may appear to the named insured and . . . [a named bank, which holds an encumbrance on the vehicles in the amount of $2,500]"; and the insured *alone* institutes an action to recover the sum of $4,585, which is alleged to be the difference between the actual cash values of the motor vehicles immediately before and immediately after the loss alleged to have been sustained under coverage F of the policy—the petition is subject to the defendant's special demurrer for failure to join the bank named in the policy as a party plaintiff, as all persons interested in the contract of insurance should be joined in order properly to adjudicate the question of liability or nonliability of the insurer. *Fireman's Ins. Co.* v. *White,* 181 *Ga.* 759 (184 S. E. 316); and see *Simon* v. *Mechanics Ins. Co.,* 31 *Ga. App.* 137, 139 (1) (121 S. E. 342). The policy by its very terms is made payable to two legal entities, the insured and the named bank, as interest may appear. The defendant insurer would not be released, under the terms of the policy, by a payment to one from his obligation to the other. The contract of insurance is simply an obligation to the insured and the named bank as interest may appear; and, until that is ascertained, the defendant would not be acquitted if he paid the insured the total liability limited in the policy. Nor would a judgment ascertaining the amount due the insured be a bar upon the bank, unless it is made a party with an opportunity to contest the amount of its interest. *Proctor* v. *Georgia Home Ins. Co.,* 124 N. C. 265 (32 S. E. 716); and see, in this connection, the cases cited in *Staten* v. *General Exchange Ins. Corp.,* 38 *Ga. App.* 415 (144 S. E. 53), at page 418; and see also *Equitable Fire Ins. Co.* v. *Jefferson Standard Life Ins. Co.,* 26 *Ga. App.* 241 (105 S. E. 818).

2. The ruling by this court in *Johnson* v. *General Exchange Ins. Corp.,* 49 *Ga. App.* 780 (176 S. E. 840), to the effect that the contract of insurance in that case insured the parties named therein severally and actions thereon could be brought separately by the three named payees to the extent of their interest, is, in view of the state of the pleadings in that case, obiter, as the plaintiff in that case amended his petition to include the other named parties by suing for their use. See, in this connection, the special concurrence of Jenkins, P. J., at page 784 et seq., in that case; *Riley* v. *Federal Ins. Co.,* 60 *Ga. App.* 764 (5 S. E. 2d 246); *Simon* v. *Mechanics Ins. Co.,* supra; *Mid-States Ins. Co.* v. *Claxton,* 88 *Ga. App.* 434 (76 S. E. 2d 667).

3. The allegation in the petition, which was added by amendment, that all liens had been paid on December 30, 1952, and no other person held any interest in the motor vehicles insured, did not have the effect of making it unnecessary to join the named bank as a party. *Firemen's Ins. Co.* v. *White,* supra. Such an allegation is not binding on the

named bank nor a protection to the defendant insurer against another action brought by the named bank on the policy. The plaintiff should amend to make the named bank a party, as was done in *Wallace* v. *Brannen,* 56 *Ga. App.* 856 (193 S. E. 901), or as was done in the *Johnson* case, supra.

The trial court erred in overruling the special demurrer indicated above, and this error is controlling in the case until this defect is met by an appropriate amendment; and the remaining questions are not passed on at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 17, 1954—REHEARING DENIED APRIL 2, 1954.

*Franklin, Eberhardt & Barham,* for plaintiff in error.

*Thomas K. Vann, Jr.,* contra.